## 47126.   LANE v. THE STATE.

EVANS, Judge. Defendant was indicted, tried and convicted for possession of heroin. He was sentenced to serve two years, and he appeals from the judgment of conviction and sentence. *Held:*

1. Defendant contends that he was arrested and his automobile and person searched without a warrant, and upon this premise he moved to suppress certain evidence disclosed as a result of said search. He does not support the grounds of his motion with the transcript of the evidence heard at that hearing.

2. At the beginning of the trial of this case on its merits, defendant moved that his motion to suppress be reconsidered and granted. Like the first motion, defendant does not support this motion for reconsideration with evi-

dence, and it was properly overruled by the trial court. However, his only enumeration of error here was on the trial court's refusal to allow him to argue his motion, and this ground is without merit. See *Sullivan v. State,* 222 Ga. 691, 692 (152 SE2d 382).

3. Defendant filed a challenge to the array of jurors, contending he was a black citizen, and that blacks were not represented in the jury box of Fulton County in the proportion that they bear to the total population of said county. He did not allege or prove a history of a systematic, purposeful discrimination as to the black race, and there was no error in overruling said challenge. Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599); *Lingo v. State,* 224 Ga. 333 (3) (162 SE2d 1); *Kemp v. State,* 226 Ga. 506 (175 SE2d 869).

4. Defendant enumerates error on the trial court's admission in evidence of a certain syringe, over his objections, because same was not properly identified and had been illegally seized. The evidence was sufficient to properly identify the syringe, and to show that the arrest and search were lawful.

5. Defendant objected to the State's introduction into evidence of three pistols which were found concealed under the seat of the automobile in which he was riding at the time of his arrest. He contended said pistols were immaterial to the charge of possessing heroin and were prejudicial to him. Unless these guns could in some way illustrate the guilt or innocence of the defendant as. to the charge of possessing heroin, they were inadmissible and prejudicial. In *Cox v. State,* 165 Ga. 145 (139 SE 861), the Supreme Court held that where the evidence may illustrate the defendant's guilty knowledge, or bear upon the question of his identify, or tends to prove prior attempts by the accused to commit the same crime, or to prove malice, intent, motive, or the like, it is admissible. Lacking one of these elements, the above decisions hold introduction of evidence as to another and separate crime is erroneous and demands a new trial. The possession of

three pistols could have caused the jury to believe defendant was a lawless and dangerous individual. How could these three pistols illustrate the State's case against defendant for possessing heroin; and what value could their introduction have except to prejudice the jury against him? We hold this to be reversible error.

6. During the preliminary examination of the traverse jury under the voir dire questions as authorized by *Code Ann.* § 59-705 (Ga. L. 1949, p. 1082; 1951, pp. 214, 215), the trial judge announced that he would permit counsel for defendant to ask the juror only two more questions. Some questions had already been propounded to the juror, although the record does not show how many, and there was no suggestion that the examination had been too lengthy or drawn out. This was an arbitrary limitation and curtailment of the right of defendant to have a fair trial through a full and thorough examination of the jurors under the voir dire procedure as provided for by the above cited statute. In *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909) it is held: "The language of *Code Ann.* § 59-705 is broad, but the trial judge still retains the discretion to limit the examination of prospective jurors to *questions dealing directly with the specific case."* (Emphasis supplied.) The discretion of the judge is thus spelled out and is prescribed by the language above emphasized. But no discretion exists to name an arbitrary number of questions, such as two, that will be permitted. This is not an exercise of discretion, but an abuse of same. Also, see *Anthony v. State,* 112 Ga. App. 444 (1) (145 SE2d 657). We hold this to be reversible error.

7. The remaining enumerations of error were not argued, and are considered to have been abandoned. However, under 5 and 6 above, a new trial will be necessary.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 4, 1972—DECIDED MAY 3, 1972—
REHEARING DENIED MAY 26, 1972.

*Philip S. Davi,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joel M. Feldman, James H. Mobley, Jr.,* for appellee.