27223.   WILSON v. THE STATE.

Submitted June 12, 1872—Decided September 7, 1972.

*J. Stephen Gupton, Jr.,* for appellant.
*George A. Horkan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assist-*

396

*ant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

JORDAN, Justice. We affirm.

Based on information from another suspect, Ronnie Lee Gray, that the accused was with him on October 3, 1970, investigators apprehended Wilson on the morning of October 5, 1970. He denied being with Gray and was released. The investigators, after questioning Gray further, were convinced that Wilson had been with him, and apprehended Wilson a second time on the afternoon of October 5, 1970, and he was thereafter held in custody. The testimony of Wilson on cross examination discloses that when he was first placed in custody, either on the morning of October 5, 1970, or when apprehended again that afternoon, he was told that he was being held on suspicion of murder. It is also clear from his own testimony on cross examination that at the outset of the investigation he was advised of his constitutional rights, and that he understood these rights. His testimony, and that on behalf of the State, however, conflict in respect to whether at any stage of the investigation he actually asked for counsel. He stated that he told his interrogators from the beginning that he preferred a lawyer, and could not understand why he could not get a lawyer. He was questioned during the afternooon of October 6, 1970, and admitted being with Gray on October 3, 1970, but denied any knowledge of exactly when or where, although he vaguely remembered hearing two shots he thought were from a gun. It is undisputed that Hart died from shotgun wounds. Although not adduced in evidence until after the ruling on admissibility of the confession, it appears that he was questioned again on October 7, 1970. The State obtained an order dated October 8, 1970, to hold him as a material witness, with bail bond set at $5,000. In conflict with testimony for the State, Wilson testified he was never told he was being held as a material witness, or that he could obtain his release by posting a bond. He further testified, contrary to testimony for the State, that in respect to his inquiry about release an investigator told him

that if he did not make a better statement he would never get out of jail, and that a relative of the deceased would swear out a warrant on him. Further questioning took place on October 9 and 12, 1970. He consented and was subjected to a polygraph examination on October 13, 1970, but again his version and that for the State as to how this came about is in conflict. About 12:30 a.m. on October 14, 1970, he made an oral confession. Later that day, about 11:30 a.m., this was reduced to a written statement which he admittedly signed. On October 15, 1970, a warrant was issued charging him with murder.

The trial judge, as the trior of fact (as well as law) in the hearing out of the presence of the jury on the issue of admissibility, had the duty of resolving the conflicts in the evidence, and in weighing the evidence he could resolve the conflicts between the testimony of Wilson and that of the State. Under the evidence he was authorized to determine that from the outset Wilson was advised and aware of his rights, that he made no request for counsel, and that, being aware that from October 8 until his confession he was held as a material witness, he made no effort to obtain his release by posting the required bond. Thus, in considering the "totality of circumstances" these uncontradicted facts and conclusions remain: Wilson was held in confinement from October 5, 1970, until he confessed on October 14, 1970, and during this time interval he was periodically questioned about his involvement in the murder of Howard Hart, and on the day preceding his confession he voluntarily submitted to a polygraph examination. Although the evidence of his presence at the scene of the homicide would have authorized an order to hold him as a material witness prior to the expiration of the 48-hour period allowable under Ga. L. 1956, pp. 796, 797 (Code Ann. § 27-212) his detention thereafter was illegal until such time as the order was obtained (the order being dated October 8, 1970) to hold him as a material witness.

While legality, duration, and conditions of detention are of course relevant for consideration and determination of

whether a confession is voluntary, nothing here appears to require a determination as a matter of law that by reason of illegal detention, length of detention, and the conditions here shown, the confession as a matter of law was coerced and involuntary, and therefore inadmissible in evidence. Instead, we think the trial judge was authorized to determine from the circumstances that the confession was voluntary and admissible. See Boulden v. Holman, 394 U. S. 478 (89 SC 1138, 22 LE2d 433); *Douberly v. State,* 184 Ga. 573 (192 SE 223); *Pistor v. State,* 219 Ga. 161 (132 SE2d 183); *Blake v. State,* 109 Ga. App. 636 (137 SE2d 49); and cases cited therein. Cf. Fikes v. Alabama, 352 U. S. 191 (77 SC 281, 1 LE2d 246).

*Judgment affirmed. All the Justices concur.*