## 47517.   SATTERFIELD v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted for the offense of possessing marijuana. Prior to the trial a motion to suppress certain evidence was filed, and after a hearing, overruled. After the trial a motion for new trial was filed and denied. The appeal is from the judgment of conviction and the sentence to serve one year in the penitentiary.

The evidence disclosed that police officers of the City of Columbus, Georgia received information from an informer that defendant was dealing in dangerous drugs. At this time the defendant was renting a room in a motel. Certain police officers placed him under surveillance by obtaining entrance to the adjacent room, and watching the locality from another place in the motel. The wall between the rooms was very thin and the officers overheard long distance telephone conversations made by the defendant as to an expected transaction involving marijuana. A search warrant for defendant's room was obtained, and after his arrest, a search thereof was made, but no contraband was found therein. The telephone conversation was with a man named "Dave" concerning the delivery of marijuana. Later on, a man named "Dave" arrived in a red Mustang with another white male. "Dave" came to the motel office and announced he had a package for the occupant of defend-

ant's room. The defendant drove a 1969 Datsun pickup truck and was seen coming and going several times in this vehicle. "Dave" was followed by the police, when he left the motel but later he "lost them in traffic." Thereafter, the red Mustang and defendant's Datsun truck were observed parked side by side at the motel. When both vehicles left they were stopped by the police, and two males, one of whom was the defendant, were seated in the front seat of the Datsun. Defendant was under the steering wheel. Plastic bags, which later were proved to contain marijuana, were clearly visible on a shelf in the rear of the Datsun. Approximately 42 lbs. of marijuana was found in the Mustang. From the time the Mustang drove up until both vehicles (Mustang and Datsun) attempted to leave the parking lot only 12 to 15 minutes elapsed. There was testimony that there was inadequate time to acquire additional search warrant for the vehicles. *Held:*

1. Defendant, in the lower court, made no attack on *Code Ann. Ch.* 26-30 (Ga. L. 1968, p. 1249 et seq.) as being violative of the Fourth and Fourteenth Amendments of the Constitution of the United States. Hence, his enumeration of error on that ground is not meritorious. See *Tant v. State,* 123 Ga. App. 760 (1) (182 SE2d 502). With no constitutional attack on the constitutionality of a statute this court has jurisdiction to review this case. All that is left is the application of clear and unambiguous constitutional provisions. See *Bentley v. Anderson-McGriff Hardware Co.,* 181 Ga. 813 (184 SE 297); *Thompson v. Allen,* 195 Ga. 733 (25 SE2d 423).

2. While defendant was convicted on circumstantial evidence, this excluded every reasonable hypothesis, although it did not preclude every possibility, of the defendant's innocence. See *Eason v. State,* 217 Ga. 831 (125 SE2d 488). The defendant was driving an automobile, having it in his possession, custody and control, and all that was found in the automobile is presumed to be in his possession and to belong to him. See *Watson v.*

*State,* 93 Ga. App. 368 (91 SE2d 832); *Tant v. State,* 123 Ga. App. 760, supra; *Lee v. State,* 126 Ga. App 38 (189 SE2d 872). None of the errors complaining that the judgment and conviction was contrary to law and evidence and without evidence to support it is meritorious.

3. The search of the defendant's automobile was not under color of the search warrant for his motel room, and any failure to make a return of that search warrant did not invalidate the subsequent search of the automobile. The Federal cases involving the "fruit of the poisoned tree" are not controlling here. See Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); Nardone v. United States, 308 U. S. 338 (60 SC 266, 84 LE 307). Further, the search of the motel room did not produce any evidence requiring a return of that search warrant.

4. Although the search of a dwelling is not authorized without a proper search warrant, when the officers have ample time to procure one, a search of a movable vehicle is an exception, provided there is sufficient probable cause for such search. See Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543); *Register v. State,* 124 Ga. App. 136, 137 (183 SE2d 68). The arrest and the search of the defendant's automobile was not without probable cause. Under the facts disclosed here, a search warrant was not necessary, since the police officers had probable cause for a search without a warrant. The court did not err in making a determination that the facts available to the officers at the moment of arrest would have warranted a reasonable belief that an offense had been committed. *Johnson v. State,* 111 Ga. App. 298, 306 (141 SE2d 574). There is no merit in any of the enumerations of error which contend the arrest, search and seizure were in violation of constitutional inhibitions both State and Federal; or that the court erred in failing to suppress the evidence. The telephone conversations heard through the walls by the officers did not constitute eavesdropping which is subject to constitutional inhibitions requiring statutory judicial supervision, State or Federal.

*Code Ann.* §§ 26-3001, 26-3004, 26-3009 (New Criminal Code; Ga. L. 1968, pp. 1249, 1327, 1328, 1334); 18 USCA §§ 2515, 2516, 2517, 2518, 2519. The police officers were not required to seek prior judicial approval for the surveillance made in this case which was other than by mechanical or electronic means as provided for in the above code sections.

5. The testimony with reference to the finding of a hidden pistol in the Datsun pickup some time after the original search should not have been allowed in evidence. It was irrelevant and and immaterial to this case. See *Lane v. State,* 126 Ga. App. 375 (5) (190 SE2d 576). However, no objection was made and counsel for defendant elicited the same testimony during cross examination with reference to the finding of this weapon. *Code Ann.* § 38-1713 (Ga. L. 1971, p. 460) is not applicable because of the failure to make objection to this testimony. Then, the judge intimated, outside the presence of the jury, that he intended to instruct the jury to disregard all testimony with reference to the pistol. While he did not so instruct the jury, he did refuse to allow the pistol in evidence on motion of the defendant to disallow it. Counsel did not move to strike the testimony, nor did he invoke a ruling of the court as to same, although he later moved for a mistrial on the basis that the State was attempting to prejudice the jury by introducing the testimony about the dangerous weapon; yet he immediately renewed a motion for mistrial as to the testimony in regard to the 42 lbs. of marijuana, and never obtained a ruling on his motion for mistrial as to the testimony in regard to the pistol. Having invoked this testimony in regard to the pistol, without objecting thereto, it is now too late to successfully enumerate error that the court failed to charge the jury to disregard all testimony concerning the pistol previously allowed in evidence. *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919). There is no merit in the error enumerated on this failure to charge.

6. The trial court did not abuse its discretion in denying the motion for mistrial and in allowing in evidence the testimony that a large amount of marijuana was seized from the Mustang automobile at the time these two vehicles were stopped by the police officers. All evidence connecting the defendant with the crime are proper matters to be submitted to the jury to be used by them for what they are worth. *Code* § 38-302; *Bines v. State,* 118 Ga. 320 (2) (45 SE 376, 68 LRA 33); *Wilson v. State,* 173 Ga. 275 (2) (160 SE2d 319); *Phillips v. State,* 206 Ga. 418 (3) (57 SE2d 555); *Bridges v. State,* 227 Ga. 24 (3) (178 SE2d 861) and cits. All of the facts of the case disclose that marijuana was expected to arrive from Atlanta; "Dave" arrived at the motel in a Mustang with information that he had packages for the defendant, and came to the defendant's room. Thereafter, defendant was arrested, at which time "Dave" was the driver of the Mustang and the 42 lbs. of marijuana was found therein. All of this testimony, although circumstantial, was sufficient to connect the marijuana in the Mustang to the case against defendant. The judgment is

*Affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 7, 1972—DECIDED OCTOBER 20, 1972— REHEARING DENIED NOVEMBER 14, 1972—

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.