## 28718. BRADLEY v. THE STATE.

NICHOLS, Presiding Justice.

James Bradley and Harris Lee Dennis were indicted for the murder of Richard McKinley Dennard. Bradley was tried separately and given a life sentence. The indictment, which was returned at the October 1971 Term of the Superior Court of Twiggs County, charged that the murder took place on August 18, 1971. On August 22, 1972 a demand for a commitment hearing was filed in the office of the clerk of the superior court of such county. On the hearing, evidence was adduced that a commitment hearing was given the defendant within 72 hours of his arrest; and that dates appearing on the arrest warrant, which on its face indicated that the arrest was made before the murder took place, were erroneous. After conviction a motion for new trial was filed and upon the overruling of such motion the present appeal was filed. *Held:*

1. While the record does not demand a finding that a commitment hearing was or was not held, yet, the trial court was authorized to find that such hearing did in fact take place. Accordingly, the first enumeration of error is without merit.

2. The evidence adduced at a hearing outside of the presence of the jury, and again in the presence of the jury, authorized the admission into evidence of the defendant's confession in this case. See *Wilson v. State*, 229 Ga. 395

(191 SE2d 783), and cits.

3. The evidence adduced on the defendant's trial disclosed that 3 couples met in a beer parlor in Macon where they drank beer for a period of time, left the beer parlor in an automobile owned and driven by the victim, stopped by the Bibb County jail to visit the mother of one of the group and then proceeded to the home of the victim in Twiggs County, Georgia, stopping on the way to obtain a case of beer. After arrival at the victim's home, though most had been strangers to each other when they met in the beer parlor, they more or less paired off in couples. The defendant persuaded his "date" to retire with him to the bedroom to satisfy their sexual desires, but the coindictee was not so successful, nor was the victim's date successful in her advances to the victim. Later, after more drinking, eating and dancing — when all of the beer had been consumed — the victim made the mistake of opening his wallet and flashing a hundred dollar bill and a fifty dollar bill and stating that his "friends" did not have to worry about food or drink. Shortly thereafter the defendant started hitting the victim on the head and demanding his money, the victim sought to run outside the house but the co-indictee hindered his escape and permitted the defendant to resume the attack. He again managed to escape but the defendant caught him, pushed him into some bushes, stabbed him and took his money. He died from such stab wound. The defendant and his co-indictee found the keys to the victim's automobile, forced the "girls" into the car, and returned to Macon. On the return trip to Macon the defendant stated that he had "stuck" the victim and became upset with his co-indictee when he found out that the knife had been thrown from the car before he had an opportunity to wipe his fingerprints therefrom. Later, after arrest, the defendant admitted to the Sheriff of Twiggs County that he had killed the victim.

The evidence authorized the verdict and sentence. It was not error to overrule the usual general grounds of the motion for new trial.

4. "The rule is well established that 'It is only where a case is solely dependent upon circumstantial evidence that the trial judge is required to give the law of

circumstantial evidence. It follows that where the indictment is supported by both circumstantial and direct evidence, it is not erroneous for the court to refuse [without request] to charge the law of circumstantial evidence.' *Nobles v. State,* 127 Ga. 212 (5) (56 SE 125). See also *Hegwood v. State,* 138 Ga. 274 (1) (75 SE 138); *Walker v. State,* 226 Ga. 292 (11) (174 SE2d 440)." *Bryant v. State,* 229 Ga. 60, 61 (189 SE2d 435).

The case was not dependent entirely on circumstantial evidence and the failure of the trial court to charge on such subject without request was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 12, 1974 — DECIDED APRIL 4, 1974.

*Paul J. Jones, Jr.,* for appellant.

*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.