29001. THE STATE v. LUKE.

NICHOLS, Presiding Justice.

Certiorari was granted in this case to review the

holding of the Court of Appeals in Division 2 of that court's opinion which held that it was error to admit in evidence a pistol concealed in the defendant's trousers and a bottle of pills found in his sock at the time of his arrest. The decision of the Court of Appeals relies upon the decision of that court in *Lane v. State,* 126 Ga. App. 375 (190 SE2d 576).

In the *Lane* case, the Court of Appeals relied upon the decision of this court in *Cox v. State,* 165 Ga. 145 (139 SE 861) where the general rule as to the admissibility of evidence of other crimes is stated. In *Cox* it was stated "When one is on trial charged with the commission of a crime, proof of a distinct, independent and separate offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other: This is the general rule, but there are some exceptions to it; as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like if such an element enters into the offense charged."

In *McClung v. State,* 206 Ga. 421, 423, it was said: " 'The flight of the accused, the time when and the place where arrested, the manner of the arrest, how he was armed, and whether he resisted, and all the circumstances connected with the arrest, we consider proper evidence to be submitted to the jury to be weighed by them for what they are worth.' *Wayne v. State,* 56 Ga. 113 (5), 119."

This decision has been followed in *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600); *Morgan v. State,* 229 Ga. 532 (192 SE2d 338) and in other cases.

The evidence disclosed that the defendant in this case and a co-indictee were arrested while in the process of loading the stolen goods into an automobile outside the premises burglarized. Under the above cited cases, all the

circumstances connected with the arrest were admissible in evidence including evidence as to the pistol and the pills found upon the defendant's person.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1974 — DECIDED SEPTEMBER 24, 1974.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Assistant District Attorney,* for appellant.
*Wayne Moulton,* for appellee.