## 49550. HOWE v. THE STATE.

QUILLIAN, Judge.

This case is here on certificate for immediate review from an order denying the defendant's motion to suppress evidence. *Held:*

The defendant was charged with possession of more than one ounce of marijuana which contraband was obtained from a search of his vehicle following his arrest for traffic violations and for driving under the influence.

We recognize the rule set forth in *Rowland v. State,* 117 Ga. App. 577 (161 SE2d 422), and followed in *Mobley v. State,* 130 Ga. App. 80, 81 (202 SE2d 465): "A search of a vehicle may not be made incident to the arrest of the

driver for a mere traffic violation." However, the U. S. Supreme Court has ameliorated the basis for the rule in recent opinions. See Cady v. Dombrowski, 413 U. S. 433 (93 SC 2523, 37 LE2d 706), (dealing with driving under the influence); United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427); Gustafson v. Florida, 414 U. S. 260 (94 SC 488, 38 LE2d 456), (dealing with "frisk" of a suspect after his apprehension for traffic violations). Compare *Rogers v. State,* 131 Ga. App. 136 (205 SE2d 901).

As pointed out in the Annotation, 10 ALR3d 314 (Sections 6, 6b and 8c), the prohibition is against a general search unrelated to the offense committed. Here the defendant was suspected and charged with driving under the influence. Thus, a search of his vehicle for the purposes of obtaining evidence with regard to the defendant's intoxication or the cause thereof would be proper. Code § 27-301 (d), as amended (Ga. L. 1966, p. 567) provides for a reasonable search of a person arrested for the purpose of discovering instruments, articles or things which may have been used in the commission of the crime, or other matter which is tangible evidence of the commission of a crime.

Since the officers involved in the defendant's arrest were justified in searching his car for the source of his intoxication, the fact that the evidence was obtained by seizure of an opaque styrofoam container in which the contraband was found would not require the sustaining of the motion to suppress. Under the facts of this case the trial judge did not err in overruling the motion to suppress.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted July 1, 1974 — Decided October 8, 1974.

*Horton J. Greene,* for appellant.
*Richard Bell, District Attorney,* for appellee.