## 29312. BROWN v. THE STATE.

UNDERCOFLER, Justice.

Thurston Eugene Brown was convicted of the murder of Betty Hayes and sentenced to life imprisonment. The evidence shows that the defendant resided with the victim as husband and wife and that they had an eighteen-month-old child. The victim died of gunshot wounds inflicted in the apartment where they lived.

The defendant was arrested and taken to the police station where he was advised of his constitutional rights. He denied any knowledge of the homicide. The next morning the police officers again advised him of his constitutional rights. The defendant then made a statement in which he stated that he and the victim had an argument, that he struck her, that she grabbed a lamp and tried to defend herself, that he took the lamp from her, that she reached under the bed for her gun, that they struggled over the gun, that the gun went off, that she screamed, that he took the gun from her, that he shot her in the back as she ran away from him with the child in her arms, that he ran out of the house and that he threw the gun in some bushes. After the trial judge determined

that the statement was freely and voluntarily given at a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1206)), it was admitted into evidence. *Held:*

1. The defendant contends that the statement was not freely and voluntarily made since there was a conflict in the evidence as to whether he was advised of his constitutional right to have a lawyer present. The evidence was sufficient to support the finding of the trial judge that the statement was made freely and voluntarily after the defendant had been advised twice of all of his constitutional rights as provided in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and *Wilson v. State,* 229 Ga. 395 (191 SE2d 783).

It follows that the trial judge did not err in admitting the statement of the defendant in evidence.

2. The motion for a directed verdict of acquittal was properly overruled under the evidence and the evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 16, 1974 — DECIDED NOVEMBER 5, 1974.

*Westmoreland, Patterson & Moseley, R. Robider Markwalter,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, David Wansley, Roy Maddox, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.