51258. KINCAID v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted on five counts. Three counts were for possession of various drugs in violation of the Georgia Controlled Substances Act; one count charged possession of a machine gun; one count charged possession of more than an ounce of marijuana. During the trial, the judge directed a verdict of acquittal as to all counts except the charge of possessing marijuana. The jury found the defendant guilty of the remaining charge, and the court imposed a sentence of ten years. The defendant appeals the judgment of conviction, the sentence, and the denial of her motion for new trial.

The evidence shows that on September 14, 1974, appellant was riding in a car driven by her husband and

was seated on the right front seat. When the car stopped at a gas station, an officer approached the automobile. The officer had received a tip from an informant which caused him to believe the car was carrying drugs. The officer observed a brown paper bag "sitting between" appellant's legs. He directed the passengers to get out of the car, seized the bag and opened it. The bag contained approximately one pound of marijuana. Appellant was placed under arrest, and the car was impounded. An inventory of the car at police headquarters revealed a machine gun and approximately $100,000 worth of drugs. *Held:*

1. The drugs and machine gun were admitted into evidence without objection. A verdict of acquittal was directed as to the charges relating to these items of evidence. The machine gun and drugs were allowed to go to the jury room during their deliberations regarding the possession of marijuana charge. Further, the prosecutor mentioned the drugs and machine gun in closing argument. Appellant argues that the verdict of acquittal as to the drugs and gun indicated a determination by the trial court that there was no nexus between this evidence and appellant. She contends that the court erroneously permitted a relitigation of this issue by allowing the jury to view the drugs and gun and by permitting the prosecution to mention same in closing argument. She argues that the state was collaterally estopped from relitigating a previously determined issue. See *Ashe v. Swenson,* 397 U. S. 436 (90 SC 1189, 25 LE2d 469). This enumeration of error is without merit.

The machine gun and drugs were properly admitted without objection and were properly considered by the jury in connection with the marijuana charge. All circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth. *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165); *Morgan v. State,* 229 Ga. 532, 534 (192 SE2d 338). All properly admitted evidence goes to the jury. *Dobbs v. State,* 214 Ga. 206 (3) (104 SE2d 121); *Hall v. State,* 213 Ga. 557 (6) (100 SE2d 176); *Edwards v. State,* 213 Ga. 552 (3) (100 SE2d 172).

The court committed no error in allowing the

prosecutor to comment upon the gun and drugs in closing argument. Where the solicitor properly restricts his argument to reasonable interpretations of the evidence, an objection to such argument is properly overruled. See *McFarlin v. State,* 95 Ga. App. 425 (2) (98 SE2d 99).

2. Appellant urges error in the court's allowing the state to probe into a 1974 incident of which the defendant was acquitted. She contends that this was a relitigation of this previous incident and was prohibited by the doctrine of collateral estoppel. This enumeration of error is without merit.

The portion of the transcript to which appellant refers in this enumeration of error involves the cross examination of a defense witness by the state. The prosecutor asked the witness if he had gone on a fishing trip with appellant's husband to Missouri. The witness answered "no." The prosecutor asked the witness if he knew whether appellant's husband had ever transported drugs in his automobile before. The witness again answered "no." The state then asked if the witness had any knowledge of Mr. Kincaid's transporting drugs on a fishing trip to Missouri. The witness said that they had brought twenty-one cases of Coors beer back from the trip, which was illegal.

The doctrine of collateral estoppel is not applicable to the above questions and answers. Further, even if we assume that the above line of questioning was error, it was harmless. No evidence was elicited showing that appellant's husband had carried any drugs on any previous occasion. Further, no evidence was introduced tending to show that appellant was involved in any previous incident of carrying drugs or that she had knowledge of any such incident.

3. Appellant's enumeration of error number 4 complains of certain remarks made by the district attorney during his argument to the jury. No objection was made to this argument in the trial court. In that no objection was made by defense counsel, the allegedly improper argument is not subject to review. *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900).

4. Appellant argues that the imposition of a ten year sentence for the possession of approximately one pound of

marijuana is cruel and unusual punishment. The sentence was within the statutory limits for the offense. See Code § 79A-811 (j). Therefore, it is not subject to the attack made. *Goughf v. State,* 232 Ga. 178 (205 SE2d 844). The Supreme Court "has consistently held that where the sentences imposed are within the statutory limits, . . . they are not unconstitutional." *Jones v. State,* 232 Ga. 771, 776 (208 SE2d 825).

5. The evidence was sufficient to authorize a jury to find that appellant was in possession of the bag of marijuana, located on the floor of the car "between the defendant's legs." See *Wisdom v. State,* 234 Ga. 650, 654 (217 SE2d 244); *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872). After the verdict the evidence is construed in the light most favorable to the prevailing party, which in this case is the state. *Lee v. State,* supra.

6. Appellant has failed to argue enumerations of error 6, 9, 10 and 11. They are, therefore, deemed abandoned. *Boyd v. State,* 133 Ga. App. 136, 138 (210 SE2d 251).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED DECEMBER 3, 1975 — REHEARING DENIED DECEMBER 19, 1975.

*Herbert Shafer,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Assistant District Attorneys,* for appellee.

