## 51481. RUSH v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of possession of a controlled substance.

1. The defendant, when arrested for reckless driving, was in a condition of apparent intoxication. In a search of the vehicle, authorized not only "for the purposes of obtaining evidence with regard to the defendant's intoxication or the cause thereof" (*Howe v. State,* 132 Ga. App. 840 (209 SE2d 258)) but also by the defendant's voluntary consent (see *McKendree v. State,* 133 Ga. App.

295 (211 SE2d 154) and cits.), a package of cocaine was seized from inside the defendant's guitar after it slid around when the guitar was picked up. The defendant filed a motion to suppress, but voluntarily waived it. The appellant now claims that the state then dropped the charges against him for reckless driving and driving without a license. The defendant's motion to re-open his motion to suppress was denied.

1. Even if the fact of the state's alleged dropping of the traffic violation charges were supported by the record, the denial of the motion to re-open the motion to suppress would not have been erroneous, since the search was authorized, as we have held hereinabove. Enumerated error 1 is without merit.

2. Enumeration 2 avers error in admitting in evidence the defendant's in-custody statement to the effect that, at the time he was arrested, the defendant was en route from Florida to New York City delivering a sample of cocaine to a potential buyer, a large shipment to be made later.

At the Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205)), the police investigator to whom the alleged statement was made testified that the defendant had been advised of all of his constitutional rights (as provided in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) and Wilson v. State, 229 Ga. 395 (191 SE2d 783)); that the defendant indicated he understood these rights; that the defendant was neither threatened nor under duress; and that the defendant "didn't volunteer to talk with me, but he did agree to talk with me." In opposition to the state's evidence, the defendant testified that he had requested counsel and had refused to make any statement, including the one in question (which he denied making) until he could talk with his lawyer. The police investigator testified that, at the time the statement was allegedly made, he had commented that the defendant was "high" on something, and that, when asked what he had been on, the defendant had said that he had been taking some "Black Beauties" because he had been up for a long time on the trip (in the automobile). The trial judge resolved the issue in favor of admissibility.

"Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) and cits. The appellant's contention that he was not offered an opportunity to present evidence on the issue of the voluntariness of the statement, is without merit, as it does not appear that any evidence was sought to be introduced, and excluded.

The trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673), and was not error. See *Thomas v. State,* 233 Ga. 237, 240 (2) (210 SE2d 675).

3. Enumeration 3 claims error in the exclusion of testimony which the appellant offered as evidence of an alleged pretext to search the car as part of a plan and series of acts on the part of the Doraville police to harrass and intimidate the appellant and his acquaintances, who were all occupants of the same house.

The evidence rejected was not relevant and material to impeach the credibility of the two police officers (the arresting officer and the investigating officer to whom the in-custody statement was made), who were the state's witnesses. There was no proof of the alleged dropping of the traffic violation charges, which the appellant contends was a mere pretext for the search. Neither the admitted nor the rejected testimony shows that the appellant was an occupant of the house several months prior to his arrest, at which time, the rejected testimony would have shown, a female occupant of the house was arrested, searched and forced to register in a motel by the Doraville police. Neither does it appear that the two officers who were state's witnesses in this case participated in the previous alleged incident.

4. The pistol found in the appellant's car at the time of his arrest was properly admitted in evidence as a circumstance connected with the arrest. *State v. Luke,* 232 Ga. 815 (209 SE2d 165) and cits.

5. The charge, that "an individual such as the defendant on trial in this case is not authorized to possess

the drug set forth in the indictment with which he is charged with possession, that of Cocaine," was not an expression of an opinion either as to what had been proved or as to the guilt of the accused. There was no evidence that the defendant was among those classes of persons, specified in the next preceding instruction by the judge, who were authorized to possess the drug. The charge merely instructed the jury that *if* they found possession, it would be unlawful.

6. The charge on joint possession, actual or constructive, was authorized by circumstantial evidence that someone else may have placed the cocaine in the guitar in the defendant's automobile, and the appellant's statement to the police that he was delivering the cocaine as a sample to a potential buyer.

The judgment on the verdict was not error for any reason urged.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 30, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 28, 1976 —

*Edwin Marger, Robert O. Davies,* for appellant.

*Richard A. Bell, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

I concur fully with the judgment of affirmance.

But as to Division 4, let it be pointed out that the facts of the case sub judice and that of *State v. Luke,* 232 Ga. 815, supra, were entirely different from those facts disclosed in *Lane v. State,* 126 Ga. App. 375 (5), 376 (190 SE2d 576). Here, the defendant was seen removing something from under his arm and placing it in the glove compartment. When arrested, he was found to have been armed with a hidden underarm holster. Under these circumstances, the pistol was proper evidence as to the circumstances connected with the arrest. The facts of this case are entirely different from those in *Lane v. State,* 126 Ga. App. 375 (5), 376, supra, which is cited by the

defendant in support of his contention that the pistol was not properly admitted in evidence.