## 57558. BLANTON v. THE STATE.

DEEN, Chief Judge.

1. The defendant was accused, tried by a jury and convicted of the offense of soliciting a named girl to perform an act of prostitution with another. The evidence of the fourteen-year-old prosecutrix and of her mother, who overheard the conversation, was that the defendant came into her driveway holding some rings and also money, called her out and told her if she would "screw this guy" he would give her whichever she wanted. The mother then ran to the defendant's car in an attempt to take the keys, but was struck by the defendant who jumped in the car and drove away. The women had been alerted because of previous obscene telephone calls by the defendant to the house. As the defendant drove away she called out, neighbors arrived on the scene, and the matter was immediately reported. "A person commits pandering when he solicits a female to perform an act of prostitution." Code § 26-2016. The evidence was ample to

sustain the conviction.

2. One of the exceptions to the other criminal transactions prohibition is where the evidence, although bearing on another crime, is a part of the res gestae of the event. *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974). The witness' recognition of the defendant in part because of his prior obscene telephone calls, and his act of striking the prosecutrix' mother while in the act of escape, are all a part of the same criminal transaction and the evidence thereof was properly admitted.

3. The eight enumerations of error have been subject to an attempted examination by this court. In not one of them is the exact transaction complained of identified with any precision. In none is there a proper reference citation to the record or transcript of evidence. For example, the fifth enumeration of error contends that "it was error on the court's part in commenting on the testimony of a [named] witness." The error is not identified in the brief, which says only "See Tr. 31-40." These ten pages of transcript have been carefully read without identification of any statement on the part of the court referring to the veracity of any witness. Some enumerations, as number six, are completely unintelligible. In none of them have we been able to identify error. None of these enumerations of error are argued by either statements of law or proper citation to the record; they must therefore be considered as abandoned.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 7, 1979 — REHEARING DENIED JULY 6, 1979 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*John W. Folsom,* for appellant.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.