## 59453. STOKER v. THE STATE.

Quillian, Presiding Judge.

The defendant appeals from a conviction of a violation of the Georgia Controlled Substances Act (phencyclidine) and possession of marijuana. *Held:*

1. Georgia State Trooper King apprehended the defendant for driving 78 m.p.h. When the defendant exited his vehicle Trooper King noted that he was intoxicated. There was an odor of alcohol, slurred speech, glassy eyes, and a "staggering condition." King testified that the defendant wanted to fight so he called the Sheriff's office to have an officer "stand by with the vehicle

and check it out while [he] transported the subject to jail. Due to [defendant] being so belligerent and all [he] wanted to get him on over to the Sheriff's Office as soon as possible."

Detective Dodd responded to the call and saw several beer cans in the car. He then searched the car. His purpose was "to secure it for personal belongings, valuables, anything of this nature. Also for the purpose of the nature of finding of whatever the subject could possibly be under the intoxicant [sic] of . . ." Dodd's search revealed phencyclidine and marijuana in a paper bag underneath the seat on the driver's side of the car.

Defendant enumerates as error the denial of his motion to suppress the contraband found in the paper bag. We find no error. Defendant's violation of the speed limit authorized the stop. He was obviously intoxicated. A search of the vehicle is proper for the purpose of obtaining evidence of the basis of a suspect's intoxication. *Howe v. State,* 132 Ga. App. 840, 841 (209 SE2d 258); *Rush v. State,* 137 Ga. App. 387 (1) (224 SE2d 39). In this connection we note that Code Ann. § 68A-902 (Ga. L. 1974, pp. 633, 671) proscribes driving while intoxicated — whether caused by alcohol, drugs, or a combination of alcohol and drugs. Thus, in searching for the intoxicant the officer could look for alcohol and drugs.

A second basis authorized the search. The officer making the arrest could not remain at the scene because of defendant's "belligerant" conduct. He instructed Detective Dodd to "check it [the vehicle] out while [he] transported the subject to jail." Detective Dodd inventoried the vehicle to secure the subject's personal belongings. The United States Supreme Court and the Georgia Supreme Court have approved of a police procedure which inventories the contents of a car taken into police custody. South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000); *Carson v. State,* 241 Ga. 622 (1) (247 SE2d 68).

This court also, in a whole court opinion, stated: "Under the facts above delineated, we experience no difficulty in concluding that the officers had probable cause to stop the auto and arrest the occupant. It is settled law that an officer at the time of a lawful custodial arrest

may, without a warrant, make a full search of the person of the accused [cit.], a limited area within the control of the person arrested [cit.], and of the automobile in his possession at the scene of the arrest for the discovery and preservation of criminal evidence [cit.]." *Williams v. State,* 150 Ga. App. 852 (1) (258 SE2d 659). Accordingly, the search was authorized under any of the above exceptions. This enumeration is without merit.

2. Defendant argues that Detective Dodd, not being the arresting officer, could not secure and inventory the defendant's vehicle. We do not agree. Probable cause to stop, detain, arrest and search can be transmitted by radio to a police officer by another police officer. Whitely v. Warden, 401 U. S. 560, 568 (91 SC 1031, 28 LE2d 306); Cf. *Franklin v. State,* 143 Ga. App. 3 (237 SE2d 425). In the instant case the arresting officer spoke to the officer who searched the defendant's vehicle and authorized and directed him to "check out" the vehicle. No one would contest the fact that if the arresting officer had personally spoken to the searching officer at the scene that the search would have been authorized. The use of radio to transmit the authorization is no less effective. See *Radowick v. State,* 145 Ga. App. 231, 235 (244 SE2d 346).

3. The third enumeration alleges the search "was beyond the permissible scope afforded . . . therefore, unreasonable." The Supreme Court set forth the criterion that "a search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope . . . The scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry v. Ohio, 392 U. S. 1, 18-19 (88 SC 1868, 20 LE2d 889). As stated above, an arresting officer of an intoxicated driver may search the vehicle for evidence of the intoxicant. Secondly, Georgia law classifies intoxicants as alcohol and drugs, and a combination of both. Further, as officers cannot accurately prognosticate defenses to be entered by an intoxicated driver, they may reasonably search for both drugs and alcohol which could be the basis for the driver's toxic condition. Under these criteria we find the officer did not exceed the legitimate scope of the search.

4. We have examined the remaining enumerations

of error and find them to be without substantial merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MARCH 12, 1980.

*F. Gregory Melton,* for appellant.

*Stephen A. Williams, District Attorney, Eugene C. Tutwiler, Assistant District Attorney,* for appellee.