## 62313. HALE v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for possession of controlled substances with intent to distribute. *Held:*

1. Error is alleged because the trial court admitted in evidence three firearms which were found in motor vehicles defendant and his co-defendant were driving at the time they were arrested and from which the alleged controlled substances were seized. Defendant's objection was that the weapons were irrelevant and introduced solely to prejudice the jury against him. We find no error.

The evidence showed that the weapons were found when defendant and his co-defendant were arrested in possession of controlled substances which defendant had arranged to be sold for over $3,700. The general rule is that in a criminal trial, evidence of other criminal acts by the defendant are inadmissible as they tend to place the defendant's character in issue. However, such evidence is admissible if it tends to show identity, motive, plan, scheme, bent of mind, or course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321). While the possession of the guns in this case may not have been a separate offense, the evidence of their possession may lead a jury to consider the defendant to be a dangerous person and could therefore prejudice the defendant's case.

Admittedly, the guns in question in no way reflect upon the guilt or innocence of the defendant of the charge of possession of a controlled substance and this court has held that such irrelevant evidence is inadmissible. *Alexander v. State,* 7 Ga. App. 88 (1) (66 SE 274); *Story v. State,* 95 Ga. App. 455 (5) (98 SE2d 42); *Lane v. State,* 126 Ga. App. 375 (5) (190 SE2d 576); *Satterfield v. State,* 127 Ga. App. 528 (5) (194 SE2d 295); *Hickson v. State,* 138 Ga. App. 135 (3) (226 SE2d 2). However, the Supreme Court of Georgia has held that articles found in the control of the defendant at the time or near the time of arrest, including firearms, are admissible as circumstances connected with the arrest of the defendant. *Wayne v. State,* 56 Ga. 113 (5); *McClung v. State,* 206 Ga. 421, 423 (57 SE2d 559); *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600); *Morgan v. State,* 229 Ga. 532 (2) (192 SE2d 338); *State v. Luke,* 232 Ga. 815 (209 SE2d 165); *Bixby v. State,* 234 Ga. 812 (1) (218 SE2d 609). Also this court has followed the ruling of the above Supreme Court cases in recent years. *Kincaid v. State,* 137 Ga. App. 138 (1) (223 SE2d 152); *Rush v. State,* 137 Ga. App. 387 (4) (224 SE2d 39); *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629); *Frazier v. State,* 150 Ga. App. 343 (1) (258 SE2d 29); *Humphries v. State,* 154 Ga. App. 596 (2) (269 SE2d 90).

Thus, while some decisions of this court have held that evidence

of firearms in control of the defendant at the time of arrest is inadmissible if it is not relevant, the Supreme Court of Georgia has held otherwise and the opinions of this Court to the contrary must yield to those of the Supreme Court.

2. The trial court did not err in admitting in evidence the alleged drugs and the expert testimony identifying them as controlled substances.

The evidence showed that the police officer who had seized the alleged drugs delivered them in a bag to one Panter, a forensic chemist at the state crime laboratory. Panter analyzed the drugs but was unavailable to testify. Mills, Panter's supervisor, received the sealed bag from Panter, the contents of which matched the physical description Panter had related in his written reports. Mills then analyzed the drugs and testified as an expert identifying them as the controlled substances alleged.

There is no merit in defendant's contention that the chain of custody of the bag and its contents was broken and the evidence thus insufficient to establish that the contents of the bag received by Panter were the same as those examined by Mills.

The circumstances are substantially the same as those in *Marshall v. State,* 153 Ga. App. 198 (3) (264 SE2d 718), where we said: "We find that there was a reasonable certainty that the evidence Mills examined and testified about was the same as that delivered to [his subordinate]. There was no error in admitting it into evidence. '[I]t is not necessary that the state negative all possibility of tampering but only that it show that it is reasonably certain there was no alteration—when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]' *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174)." Id. at 200.

3. Admission of evidence of a prior similar transaction is asserted as error.

Defendant testified denying commission of the offenses and denied having previously discussed the sale of drugs in the presence of a prosecution witness to the offenses charged. The prosecution called that witness in rebuttal who testified that three days prior to the offenses charged, in the same location and with the same persons present, the defendant had discussed the sale of drugs and that a sale was made.

Such evidence was admissible as evidence of prior similar conduct which tended to show that the defendant committed the offenses charged and also served to impeach defendant's testimony to the contrary.

"If the defendant is proven to be the perpetrator of another drug

crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson,* 246 Ga. 654 (1), 655, supra.

4. Defendant also enumerates as error the denial of his motion for a new trial, which, in addition to the grounds alleged in the foregoing divisions, also raised the general grounds. Although the general grounds were not addressed in defendant's brief, we find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*William V. Hall, Jr.,* for appellant.
*Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.