A89A1636. COLLUM v. THE STATE.
(392 SE2d 301)

CARLEY, Chief Judge.

Appellant was tried before a jury on an indictment charging him with the commission of four counts of first degree vehicular homicide through his reckless driving. The jury found appellant guilty of all four counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. At the close of the evidence, appellant moved to strike certain language from the indictment. The contention was that the language constituted prejudicial surplusage. The denial of this motion to strike is enumerated as error.

The motion was untimely. "If [appellant] felt that [the] allegations were prejudicial, it was incumbent upon him to move to have them stricken from the indictment before the trial commenced. His failure to do so waived any objection he may have had to the form of the indictment. [Cits.]" *Henderson v. State*, 227 Ga. 68, 79 (4) (179 SE 76) (1970). Moreover, the motion was made orally rather than in writing. "It is essential that an exception to the form of an indictment or accusation be made in writing by demurrer or motion to

quash, on or before pleading to the merits. [Cit.]" *Sosebee v. State*, 169 Ga. App. 370, 371-372 (5) (312 SE2d 853) (1983). The trial court did not err in denying the untimely oral motion.

2. At the time of appellant's arrest, a test of his blood showed 0.04 percent alcohol. This evidence would be admissible as a circumstance of appellant's arrest and it was admitted at appellant's trial without objection. *State v. Luke*, 232 Ga. 815 (209 SE2d 165) (1974). Appellant did, however, request that the jury be instructed that it "would not be authorized to conclude or find from the evidence in this case that [he] was operating a motor vehicle under the influence of intoxicants." The trial court's refusal to give this instruction is enumerated as error.

Appellant urges that the giving of this requested charge was mandated by OCGA § 40-6-392 (b) (1), which provides in material part, that, "[u]pon the trial of any . . . criminal action . . . arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood, . . . shall give rise to the following presumptions: If there was at that time an alcohol concentration of 0.05 grams or less, it shall be presumed that the person was not under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40-6-391. . . ." According to appellant, this statute creates a conclusive presumption that one whose blood-alcohol level is 0.05 or less, such as himself, is not guilty of driving under the influence.

Contrary to appellant's assertions, OCGA § 40-6-392 has no applicability whatsoever to the instant case. As noted, the statute applies in criminal actions "arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391. . . ." this case is clearly not such a criminal proceeding. Appellant was not on trial for any offense wherein driving under the influence was alleged as an element. He was on trial for vehicular homicide through his reckless driving. Evidence of his blood-alcohol level was not admitted to show that he was driving under the influence. That evidence was admitted as a circumstance of his arrest for vehicular homicide through reckless driving. *State v. Luke*, supra.

Moreover, even assuming that OCGA § 40-6-392 were applicable in the instant case, subsection (b) (1) of that statute nevertheless does not create the irrebuttable presumption that appellant urges. If the legislature had intended that one having a blood-alcohol level of 0.05 or less is conclusively presumed not to be guilty of driving under the influence, it would not have created a presumption to be applied in criminal actions "arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391. . . ." Instead, the legislature would have provided that the act of driving while hav-

ing a blood-alcohol level of 0.05 or less shall not be a violation of OCGA § 40-6-391. See OCGA § 40-6-392 (b) (4), which creates no presumption but merely proscribes the act of driving while having a blood-alcohol level of 0.12 or more. It is clear that OCGA § 40-6-392 (b) (1) creates a rebuttable negative presumption in criminal actions "arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391. . . ." In such cases, there is a presumption that the defendant was not under the influence of alcohol, which negative presumption must be rebutted by the State's production of such other probative evidence as will authorize a finding that the defendant was nevertheless a less safe driver as the result of his alcohol consumption.

It follows that appellant's reliance upon OCGA § 40-6-392 as authority for the giving of the requested charge is misplaced and that the trial court correctly refused to give that charge.

3. Error is enumerated in connection with the trial court's charge on appellant's violation of OCGA § 40-6-48 as the predicate for finding him guilty of the lesser included offense of vehicular homicide in the second degree.

The record shows that the trial court's charge did contain instructions that vehicular homicide in the second degree could be considered as a lesser included offense, that vehicular homicide in the second degree would consist of appellant's causing the death of another through his violation of a Uniform Rule of the Road other than his alleged act of reckless driving, and that a violation of OCGA § 40-6-48 was such "another" traffic violation. Although it is possible, with the benefit of hindsight, to conclude that the trial court's charge in this connection was somewhat disjointed and could have been more clearly stated, appellant did not himself request any charge on a violation of OCGA § 40-6-48 as the predicate for finding him guilty of the lesser included offense of vehicular homicide in the second degree. The charge that was given by the trial court was, in the absence of appellant's offer of a more concise alternative, sufficient and there was no error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 22, 1990 — ▬▬▬▬▬

*Cook & Palmour, Bobby Lee Cook, David N. Vaughan, Jr., Velma Tilley*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.