## A99A1556. CORNELL v. THE STATE.
(520 SE2d 782)

JOHNSON, Chief Judge.

Scott Cornell appeals from his convictions of driving under the influence of alcohol and driving without headlights.

1. Cornell argues the trial court erred in limiting an expert witness' testimony regarding substances in paint fumes that may have interfered with Cornell's breath test result, which showed that he had a 0.157 alcohol concentration. The argument is without merit.

At trial, Cornell presented the owner of a body shop who testified that Cornell had spent the day of his DUI arrest in the body shop while the owner spray-painted a car. The witness testified that Cornell must have inhaled toluene, a substance contained in the paint, which has a strong odor and which the witness smelled that day. The body shop owner did not identify any other substance in the paint.

Thereafter, Cornell presented an expert to testify about the effect of inhaling paint fumes on breath tests. The court ruled that the expert could testify only about the effect of toluene because, based on the shop owner's testimony, that was the only substance proven to have been present in the paint to which Cornell was exposed. Cornell claimed that certain documents showed that other chemicals, in addition to toluene, were contained in the paint. The court ruled, however, that those documents had not been admitted into evidence.

Cornell has not cited any page in the record where the documents were admitted into evidence. Further, our review of the trial transcript reveals that, although Cornell had the documents labeled as a defense exhibit, he conceded that he had not laid a proper foundation for their admission and they were never actually admitted into evidence.

"For an expert to give his opinion based upon a certain state of facts, those facts must be supported by evidence admitted into the record. [Cit.]" *Columbus v. State*, 270 Ga. 658, 666 (5) (513 SE2d 498) (1999). Because the documents upon which Cornell relied were never admitted into evidence, they did not provide a basis for the expert to give an opinion about the effect of substances other than toluene on Cornell's breath test. "Not even an expert can give an opinion based entirely upon reports which have been prepared by others and which are not in evidence." (Citation and punctuation omitted.) *Leonard v. State*, 269 Ga. 867, 871 (3) (506 SE2d 853) (1998). Absent evidence of any substance in the paint other than toluene, the court correctly limited the expert's opinion testimony to that substance. Compare generally *Taylor v. State*, 190 Ga. App. 79, 80-81 (378 SE2d 335) (1989) (expert testified as to chemical composition of paint where manufacturer specifications of paint admitted into evidence).

2. Cornell challenges the trial court's jury charge that if Cornell had 0.05 grams or less of alcohol in his blood there is a presumption that he was not under the influence of alcohol, but this presumption may be rebutted. Cornell contends the statement that the presumption may be rebutted improperly shifted the burden of proof to him. We fail to see how the statement was burden shifting.

On the contrary, the charge was a correct statement of the law pursuant to OCGA § 40-6-392 (b) (1), which provides: "If there was at that time an alcohol concentration of 0.05 grams or less, it shall be presumed that the person was not under the influence of alcohol." Moreover, this presumption is not mandatory, but may be rebutted by the state.

> It is clear that OCGA § 40-6-392 (b) (1) creates a rebuttable negative presumption in criminal actions arising out of acts alleged to have been committed by any person in violation of Code Section 40-6-391. In such cases, there is a presumption that the defendant was not under the influence of alcohol, which negative presumption must be rebutted by the State's production of such other probative evidence as will authorize a finding that the defendant was nevertheless a less safe driver as the result of his alcohol consumption.

(Punctuation omitted.) *Collum v. State*, 195 Ga. App. 42, 44 (2) (392 SE2d 301) (1990). Consequently, the trial court's jury charge in the current case that the presumption arising from an alcohol concentration of 0.05 or less is rebuttable was correct and did not shift the burden of proof to Cornell.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 14, 1999 ▮▮▮▮▮▮▮▮

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*G. Channing Ruskell, Solicitor*, for appellee.