### 13612.   HARVILL *v.* THE STATE.

Failure to charge the jury that " if the defendant had no knowledge of
the liquor being in the car, he could not be convicted " was error re-
quiring a new trial, in view of the evidence and the contentions of the
accused, who was charged with having possession of intoxicating liquor
found in an automobile.   (BROYLES, C. J., dissents.)

DECIDED JULY 26, 1922.

Indictment for possessing liquor; from Cobb superior court —
Judge Blair.   April 29, 1922.

*Walter A. Sims, Clay & Blair,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.

BLOODWORTH, J. 1. One of the special grounds of the motion for a new trial alleges that the court erred in failing to charge the jury that " if the defendant had no knowledge of the liquor being in the car, he could not be convicted." There was evidence that a man named Harrison obtained an automobile from the father of the accused; that he drove the car off to take a passenger to Chattanooga; that the car broke down; that Harrison telephoned to a mechanic named Carr to come and repair the automobile; that Carr procured a truck, went to the home of the father of the defendant, and there picked up the defendant and his father, and brought them to where the automobile was standing. The mechanic swore that when he reached the car Harrison was there; that he found a spindle arm was broken, and that he went to Marietta to have welded; that Harrison went with him, but that he left the defendant and his father with the automobile. An officer swore that when he reached " where the car was broke down " the accused was sitting there in the car, and that the " back of the car was locked up." The mechanic further swore: "I did not know there was a drop of liquor in the car, and nobody else did as far as I know." The father of the defendant swore: " I certainly did not know that Mr. Harrison had any liquor; neither did my son know anything about the whisky. He was not driving the car." In his statement the defendant said: " I did not know any liquor was in the car at all. Had I known the liquor was in the car — because I did not have anything to do with putting the liquor in the car — I would have told them." It will thus be seen that the defendant contended that he had no knowledge that there was any whisky in the automobile. The instructions given the jury, as shown by the record, ignored altogether this contention of the defendant. Nowhere in his charge did the court instruct the jury that if they believed the contention of the defendant and found that he did not know that the automobile contained whisky they could not convict him. To fail to so charge was error requiring the grant of a new trial. See *Baker* v. *State,* 19 *Ga. App.* 451 (1) (91 S. E. 785) ; *Citizens Trust Co.* v. *State,* 26 *Ga. App.* 750 (2) (107 S. E. 274). ·

2. It is unnecessary to discuss the other special grounds of the

motion for a new trial, as the errors complained of therein are such that they are not likely to recur upon another trial.

*Judgment reversed. Luke, J., concurs.*

BROYLES, C. J., dissenting. The evidence adduced upon the trial of this case authorized the jury to find that about one o'clock at night certain officers found the defendant in charge of a disabled automobile on the public road between Atlanta and Marietta. The defendant was sitting at the wheel of the car, and the back of the car was locked up, and when the officers asked the defendant how much whisky he had, he said " none." They then told him they wanted to look into the car, and he replied that he had lost the key and that they could not search the car without a warrant. Thereupon one of the officers left to obtain a search warrant, and before he returned the defendant had escaped. After obtaining the search warrant the back end of the car was entered and forty-eight gallons of whisky were found therein. The next day a warrant was issued for the defendant and given to a policeman in Decatur, Georgia, the home of the defendant, to be served. This policeman knew the defendant and tried to locate him but could not do so. There were also introduced in evidence scire facias on two bond forfeitures of the defendant and the judgment against the defendant on his bond in this case. When the defendant was found in the car he told the officers that he had been to Woodstock to see a girl, and at that time he made no denial of being the driver of the car and said nothing about a man named Harrison having obtained the car for any purpose. The evidence showed further that the man Harrison was an employee of the defendant's father, and that when the car, loaded with whisky, broke down, the defendant and his father were notified of the accident and hastened to the car and took charge of it at one o'clock at night. Harrison was not put upon the stand as a witness, and it was testified by the defendant's father that his whereabouts were unknown. The defendant in his statement to the jury spoke of the automobile as " my car," and admitted that when the officers found the car he and his father were sitting in the car and were in charge of it. Under these facts the conviction of the defendant was amply authorized, and none of the special grounds of the motion for a new trial shows material error. I cannot agree with my colleagues that the failure of the court to

charge that " if the defendant had no knowledge of the liquor being in the car he could not be convicted," was reversible error, in the absence of a timely written and appropriate request. The court charged in the language of the statute, and that was sufficient. The particular facts of this case clearly distinguish it from the two cases cited by Judge Bloodworth in support of the ruling of the majority of this court. Furthermore, even if a charge in the language quoted above had been requested, the refusal to give it would not have been error, for it contains an intimation that liquor was in the car.