48046. REID v. THE STATE.

STOLZ, Judge. This is an appeal from a judgment of conviction and sentence for unlawful possession of cocaine in violation of the Uniform Narcotic Drug Act. *Held:*

1. "A motion for a continuance is addressed to the sound discretion of the trial judge, and the refusal to grant a continuance will not be disturbed by the appellate courts unless it clearly appears that the judge abused his discretion in this regard.[Cits.]" *Dutton v. State,* 228 Ga. 850 (2) (188 SE2d 794). The trial judge did not abuse his discretion in refusing to grant a continuance based upon the defendant's contention that he had originally contemplated employing another attorney, who was not available at the first call of the case, and that his subsequently retained counsel had inadequate time for preparation. "Neither sudden withdrawal of

retained counsel nor lack of preparation of new counsel is ipso facto a ground for continuance." *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119). Here, the record shows that at the arraignment the trial judge granted the defendant's retained counsel a continuance from August 14 to September 5, the case being specifically set for the latter date with the concurrence of counsel. There is no indication from the record that the defendant was not adequately represented by his retained counsel, or that a contended possible conflict of interest in fact existed, or that any of the defendant's rights were violated. The defendant was properly tried before his co-defendants were, at the State's request. Code § 27-2101 (as amended, Ga. L. 1972, pp. 618, 619).

2. Where the police, acting on information supplied by a proven reliable informant, followed the automobile, in which the defendant (identified by the informant on the basis of police files and his on-the-scene observation) was a passenger, to a house, and set up a roadblock, and the defendant brought out of the house a bag of the contraband, which he discarded as he attempted to escape in the automobile by circumventing the roadblock, the defendant's flight, in connection with the circumstances of the information supplied by the informant, the police observation of the defendant's activities, and the abandonment of the contraband almost as a part of the act of fleeing, was sufficient to constitute probable cause for arrest without a warrant, and authorized the appropriation of the abandoned contraband. See *Green v. State,* 127 Ga. App. 713 (194 SE2d 678) and cits. The motion to suppress the contraband as evidence was properly denied.

3. It is contended that the judge erred in failing, sua sponte, to instruct the jury to disregard the answer of a witness which revealed that the informant had identified the defendant partially on the basis of a police department picture taken upon a previous arrest. The record shows that this same information had been elicited upon the motion to suppress; that the judge sustained counsel's motion to strike this portion of the answer; that, after the ruling, counsel continued his examination without requesting further instructions or making further motions; and that no further complaint was made until after the verdict. "In no case will the trial judge's ruling be reversed for not going further than requested." *Brooks v. State,* 183 Ga. 466, 469 (188 SE 711, 108 ALR 752); *Blocker v. State,* 58 Ga. App. 560 (3) (199 SE

444). " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later.' " *Scott v. State,* 229 Ga. 541, 547 (192 SE2d 367); *Thompkins v. State,* 126 Ga. App. 683, (1) (191 SE2d 555). This enumerated error is without merit.

4. Error is enumerated on the trial judge's admission of evidence that the defendant had the sum of $2,860 in currency on his person when he was arrested. " 'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible.' [Cits.] However, where such evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to this general rule. [Cits.]" *Spurlin v. State,* 228 Ga. 2 (4) (183 SE2d 765). "Evidence as to . . . all the circumstances connected with the arrest, are proper matters to be submitted to the jury to be weighed by them for what they are worth." *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 60) and cits.; *Satterfield v. State,* 127 Ga. App. 528 (6) (194 SE2d 295) and cits. Since the possession of money is not per se incriminating evidence, the jury was entitled to decide whether the defendant's possession of it was for a lawful purpose ("to buy a house," as he contended), or whether the possession, in connection with other circumstances, was evidence that the defendant was engaged in an unlawful enterprise in violation of the Uniform Narcotic Drug Act. The trial judge did not abuse his discretion in admitting this evidence.

5. The general grounds of the motion for new trial were not argued; hence, are deemed abandoned.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 9, 1973 — DECIDED MAY 3, 1973.

*S. Richard Rubin,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, William M. Weller, Carter Goode,* for appellee.