## 49563. HAIRE v. THE STATE.

STOLZ, Judge.

The defendant was tried for violations of the Georgia Drug Abuse Control Act by possession of methamphetamine (Count 1) and possession of more than one ounce of marijuana (Count 2).

There was evidence that the canvas knapsack, in which both types of contraband were found upon a search under warrant of an apartment, had been carried into and out of the apartment at least twice within two hours of the search, including at least once by the defendant (within 10 minutes of the search); that the defendant was aware that illegal drugs were being used in the apartment, in which he was visiting at the time; that when one of the defendant's friends, Wojick (whom the defendant knew to be A.W.O.L. from the Army) took the knapsack out to pick up "some things" from a house, the defendant assumed from what had been said that he was going to pick up marijuana; that, within a few minutes after Wojick returned with the knapsack, which he placed on a living room table, the police knocked on the front door; that Wojick then shouted, "Out the back, it's the cops!", and yelled "something" to the defendant about the knapsack; the defendant grabbed the knapsack, which he testified had never been opened since Wojick brought it in, and fled with Wojick and another out the rear door of the apartment, where the three of them were arrested.

The defendant was acquitted on Count 1 (methamphetamine), and appeals from his conviction and sentence on Count 2 (marijuana). *Held:*

By the defendant's own admission, he had not only a feeling, but also an assumption that the knapsack contained at least marijuana. "This 'feeling' falls into the category of 'guilty belief,' as set forth in Perkins, Criminal Law, pp. 683, 684, which, when such belief is correct (and it was correct here) constitutes ' "knowledge" as the word is used in regard to mens rea.' Moreover, knowledge may be inferred from circumstances (*Cobb v. State,* 125 Ga. App. 556 (188 SE2d 260)), and the intention with which an act is done is

peculiarly for the jury (*Cole v. State,* 118 Ga. App. 228 (163 SE2d 250)), in support of whose verdict of guilty we, on appeal, must construe every inference. *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683)).'' *Golson v. State,* 130 Ga. App. 577, 578 (203 SE2d 917). There was ample evidence from which to infer Haire's knowledge that the knapsack contained contraband. The very act which constituted possession — the flight from the police with the knapsack — itself furnished evidence of the defendant's guilt and his criminal intention to conceal incriminating evidence, just as evidence has been attempted to be concealed by such means as throwing it out of car windows, as in cases exemplified by *Golson v. State,* supra, and *Reid v. State,* 129 Ga. App. 41, 42 (2) (198 SE2d 358). See Code Ann. § 26-605 (Ga. L. 1968, pp. 1249, 1269).

The conviction as to marijuana was not inconsistent with the acquittal on the methamphetamine charge, since the defendant's knowledge as to the existence of the marijuana was constructive, rather than actual, and there was no evidence that would prove constructive knowledge of the presence of methamphetamine in the knapsack, as it did the presence of marijuana.

The verdict and judgment were authorized by the evidence and the overruling of the motion for new trial was not error.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 26, 1974 — REHEARING DENIED OCTOBER 15, 1974 —

*Vansant & Engram, John M. Vansant, Jr.,* for appellant.

*William S. Lee, District Attorney, Robert E. Baynard, Assistant District Attorney,* for appellee.