## 49859. TIFT v. THE STATE.

CLARK, Judge.
In this appeal from a conviction for possession of less than one ounce of marijuana defendant seeks a reversal on the basis of three enumerations of error. The first of these is lacking in merit but the remaining two as-

signments require a reversal.

1. There was no violation of the sequestration rule in permitting the police lieutenant who was the designated prosecuting officer to testify. This witness was named on the accusation as the prosecutor. As such he was entitled to remain in the courtroom. When the district attorney presented the state's proof he did so chronologically beginning with the policeman who made the arrest. He then placed the prosecuting lieutenant on the stand as the second witness. The defense objection to permitting him then to testify was overruled, this being the basis of the appellant's first enumeration of error. The trial court ruled correctly and in accordance with *Hudgins v. State,* 13 Ga. App. 489 (79 SE 367) and *Sparks v. State,* 121 Ga. App. 115, 116 (3) (173 SE2d 239). The cases of *Bush v. State,* 129 Ga. App. 160 (199 SE2d 121) and *Childers v. State,* 130 Ga. App. 555 (203 SE2d 874) relied upon by appellant have no application to the facts of the case at bar. Additionally, it should be noted that the testimony of the lieutenant had no connection with the arrest evidence presented by the first witness but was limited to the manner in which the contraband was handled by the police department.

2. The defense was based upon lack of knowledge of the presence of marijuana in a jacket which he had acquired from another "dude" a few minutes before the arrest, that he had not been through the pockets and therefore had no knowledge thereof. After the trial judge had completed his charge to the jury, defense counsel requested the court for an instruction as to "knowledgeable possession." The court requested this to be placed in writing which was done, but upon recalling the jury this element was not included in the subsequent instructions. Appellant renewed his objection and enumerates this failure as error.

Before any conduct can be considered criminal, it must include a mens rea. That is "A guilty mind; a guilty or wrongful purpose; a criminal intent." Black's Law Dictionary (4th Ed.). That essential is included in our statutory definition that "A crime is a violation of a statute of this State in which there shall be a union of joint operation of act, or omission to act, and intention, or

criminal negligence." Code Ann. § 26-601.

Many of our generation's appellate court rulings on appeal of today's "Drug Age" cases stem from precedents established during the so-called "Prohibition Years" when whiskey was illegal. One of those applicable to the instant case is *Harvill v. State,* 29 Ga. App. 68 (113 SE 219). The headnote reads: "Failure to charge the jury that 'if the defendant had no knowledge of the liquor being in the car, he could not be convicted' was error requiring a new trial, in view of the evidence and the contentions of the accused, who was charged with having possession of intoxicating liquor found in an automobile." That ruling and the cases cited therein require us to hold the trial court erred.

The state contends the request to charge was not timely filed as required under Code Ann. § 70-207 (b). See *Curtis v. State,* 224 Ga. 870, 874 (9) (165 SE2d 150). In our view the nature of this defense required that the jury be informed as to the law thereof without a request to charge. "Upon the trial of a criminal case the trial judge with or without request should instruct them as to the general principles of the law which of necessity must be applied in reaching a correct verdict on the issues. [Cit.]" *Foskey v. State,* 126 Ga. App. 268 (190 SE2d 556). See also *Pass v. State,* 95 Ga. App. 510 (98 SE2d 135).

Additionally, the district attorney cogently argues that "Although the record does not show it, there can be no reasonable doubt that defense counsel argued this point to the jury since there was little else he could have argued in view of the evidence presented" and further that "Nothing in the court's charge would have indicated to the jury that technical, unknowing possession would be sufficient to find the defendant guilty." Brief for appellee p. 4. We cannot accept that argument as being sufficiently persuasive. Most essential under our American system is the necessity of giving every accused a fair trial with the scales of justice in even balance. Courts must not only present the ritual of justice, but, of even greater importance, we must provide its substance.

3. Error also occurred in the trial judge including in his charge the provisions of the last paragraph of Code Ann. § 79A-9917. This paragraph refers solely to a

conditional discharge for first offenders charged with possession of one ounce or less of marijuana. It does not deal with the question of guilt or innocence. In making that determination the jury should not be informed that the accused would have qualified for the conditional discharge "but for the fact that the judge chose not to avail himself of the authority granted by this section. . ." In this connection see *Cain v. State,* 113 Ga. App. 477 (148 SE2d 508).

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED DECEMBER 4, 1974.

*John L. Tracy, Robert M. Drake,* for appellant.
*William S. Lee, District Attorney, Robert E. Baynard, Assistant District Attorney,* for appellee.