## 29345. ANDERSON v. THE STATE.

NICHOLS, Chief Justice.

Alfred Anderson was indicted, tried, convicted and sentenced to life imprisonment for the murder of Willie Lewis Rhodes, Jr. in Lowndes County. His motion for new trial was overruled and the present appeal filed.

1. The evidence discloses that the victim died as a result of a shotgun blast fired at close range by the appellant. On the afternoon of the murder the appellant left his shotgun with a neighbor and later that evening when he returned to retrieve his gun, and after some conversation with his neighbor and another witness, the appellant began to leave from the neighbor's back porch. The victim, who arrived on the scene at about this time, made some comment to the appellant with regard to the manner in which he was carrying the shotgun within the city limits. The appellant responded by stating "You don't tell me how to tote my damn gun. I tote it like I goddamn please and get back and don't come up on me no more or I will blow your brains out." Almost immediately following this remark the appellant discharged the shotgun. The blast killed the victim. The appellant stated that after he had warned the victim to stay away from him the victim continued toward the appellant with a knife and he had no choice except to shoot. No knife was found at the scene and both eyewitnesses testified that they did not see a knife in the victim's possession. The evidence authorized the verdict and the trial court did not err in overruling the appellant's motion for new trial based on the usual general grounds.

2. Under decisions exemplified by *Johnson v. State,* 226 Ga. 511, 512 (175 SE2d 840), the trial court did not err in admitting into evidence, over the defendant's objection, the photographs of the deceased which were taken shortly after the alleged murder and which showed the condition of the body.

3. The trial court did not err in sustaining two objections made by the state during cross examination of the state's witnesses by defendant's counsel. Neither question sought to elicit any fact from the witness being examined but merely sought a conclusion. Compare

*Rooker v. State,* 211 Ga. 361 (1) (86 SE2d 307), and cits.

4. No harmful error to the defendant is shown by an enumeration of error which complains that the trial court erred in sustaining an objection by the district attorney to questions asked the defendant by his counsel as leading questions where the transcript shows that thereafter such questions were rephrased and the information sought was testified to by the defendant.

5. The trial court did not err in sustaining an objection to the defendant testifying as to a specific instance of violence by the deceased some four or five weeks prior to the altercation which resulted in the defendant shooting the deceased. Compare *Black v. State,* 230 Ga. 614 (3) (198 SE2d 314), and cits.

6. In the present case the trial court properly instructed the jury as to the law in regard to justifiable homicide. The mere failure of the trial court to instruct the jury again (at the time they were instructed as to the form of verdict) that if the jury found the killing to be justified that they would acquit the defendant shows no error.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED JANUARY 7, 1975.

*Bennett, Saliba & Wisenbaker, Reginald C. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Deputy Assistant Attorney General,* for appellee.