## 51896. TAYLOR v. THE STATE.

MARSHALL, Judge.

Appellant was tried by a jury and convicted of possession of heroin and sentenced by the trial judge to five years imprisonment. He moved for a new trial on the general grounds and more particularly that: (1) the evidence does not show he had knowledgeable possession of the heroin; (2) the weight of the evidence shows he did not visit the location of the heroin; and (3) other persons had "equal access" to the location. His appeal is from the conviction and the denial of this motion for new trial.

Testimony at the trial showed that agents from the Atlanta Narcotic Squad, having obtained a search warrant for appellant's apartment, conducted a surveillance of the rear of the apartment for approximately one hour prior to executing the warrant. Two agents testified that they observed appellant come out of the apartment, go into his back yard, remove the top from a "breather cap" (an automobile air filter cover) lying on the ground, "and take a brown bag out of the breather and put his hand into it, return the bag to the filter, put the top back on and return to the apartment," with his hand closed. Appellant was observed doing this two times within a 25-minute period. On both occasions a car was observed driving to the front of the apartment, its occupants entering the building and departing after appellant had visited the breather cap. On execution of the search warrant the agents found several packs of heroin in the bag in the breather cap, and found loose cash amounting to $1,614 stuffed into appellant's pockets.

Appellant testified that he did not know anything about the heroin and that, contrary to the agent's testimony, he had not been out to the breather cap in his back yard because he had just come back from taking a friend to the hospital when the agents entered his apartment. He also testified that the back yard was not fenced in and that there was a path that ran through his back yard near the location of the breather cap, that was used by other residents of the apartment complex. He testified that the money found in his pockets was given to him by his boss at a service station to deposit in the bank

on his way home from work. The service station owner testified he had given appellant $1,551 that morning to deposit in the bank. Two other defense witnesses testified as to being with appellant when he went to the hospital and when he went by the service station and picked up something and then went to his apartment with him. *Held:*

1. Appellant contends that there is no showing of any knowledge on his part that the heroin was located in his back yard. The testimony of the two agents, who positively identified appellant as the person they saw on two occasions visit the breather cap in his back yard, is sufficient evidence to show appellant knew of and possessed the heroin. Though appellant denied these visits and his witnesses testified that he had no opportunity to make such visits, the jury obviously chose to believe the agents and not the defense witnesses. The jury was authorized to resolve the conflicting testimony as it did in this case. See *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859).

2. Appellant also contends that the weight of the evidence shows that he did not commit the alleged crime. This argument is basically the same as the first—that defense testimony contradicts that of the state. In passing on the sufficiency of the evidence to support the verdict the appellate courts are "to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681)." *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683). See also *Haire v. State,* 133 Ga. App. 12, 13 (209 SE2d 681); *Maddox v. State,* 131 Ga. App. 86 (1)(205 SE2d 31).

3. Appellant's final contention is that since others used the walking path, which was in close proximity to the breather cap, possession cannot be chargeable to appellant.

" 'Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' *Gee v. State,* 121 Ga. App. 41, 42 [172 SE2d 480]. [Cits.]" *Moreland v. State,* 133 Ga. App. 723,

724 (212 SE2d 866). However, the "equal access" rule is inapplicable here, where the state's evidence is not that appellant constructively possessed contraband, but that he actually and physically possessed it according to two eyewitnesses.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 11, 1976.

*Robert L. Ridley,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.