## 52062. WALKER v. THE STATE.

EVANS, Judge.

Defendant was indicted and convicted for the unlawful possession of marijuana, a controlled substance. He was sentenced to serve a term of two years. Motion for new trial was filed and, as amended, denied. Defendant appeals. *Held:*

1. Defense counsel, having just completed a murder trial, moved for continuance or a continuance for "further-notice" because he was physically and mentally exhausted from the murder trial. This was on July 2, 1975, and the July 4th holiday was on Friday. The court did postpone the trial after striking the jury on the 2nd to the 3rd of July. The case of *Brown v. State,* 134 Ga. App. 771 (216 SE2d 356), does not apply, for the court did continue the matter overnight after the end of the murder trial in which the defense counsel was involved and a guilty verdict rendered; and in the morning no other reason was shown why defense counsel could not proceed with the trial of the case. There is no merit in this

complaint. No abuse of discretion has been shown. See in this connection such cases as *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119); *Reid v. State,* 129 Ga. App. 41 (1) (198 SE2d 358); *Dutton v. State,* 228 Ga. 850 (2) (188 SE2d 794).

2. The second enumeration of error was that defendant was unlawfully arrested without probable cause, but this issue was not raised during the trial and has been made for the first time in the appellate court; hence, we cannot consider it. See *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371); *Jett v. State,* 136 Ga. App. 559, 560 (1) (222 SE2d 54); *Butler v. State,* 127 Ga. App. 539 (1) (194 SE2d 261). However, even if the point had been properly made, the police officer saw the defendant had something in a bag which he surreptitiously left in a woodpile at a restaurant. Upon further investigation, numerous manila envelopes containing suspected marijuana were found in said sack. This enumeration is not meritorious. See *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Taylor v. State,* 138 Ga. App. 95.

3. Defendant contends his character was put in issue when the assistant district attorney began examining him on cross examination as to why he was in this particular neighborhood. The object of all investigation is the discovery of the truth. The state, as the opposite party, was entitled to a thorough and sifting cross examination of the defendant. But further examination of this matter also shows that the defendant failed to object, and he is now estopped from raising this issue on appeal. See citations in Division 2 above. Also see *Joyner v. State,* 208 Ga. 435 (2), 438 (67 SE2d 221); *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856); *Mitchell v. State,* 136 Ga. App. 390 (221 SE2d 465).

4. Defendant next contends that the state failed to prove that more than 1 ounce of marijuana was found. But in the examination of the expert who identified the substance as marijuana, he positively testified that there was more than one ounce, that is, "2.73 ounces." There is no merit in this complaint.

5. Under the circumstances, it was not necessary for the trial court to charge the jury that in the event they found it was less than an ounce of marijuana, defendant

would be guilty only of a misdemeanor. The trial judge should charge with or without request as to the general principles of law which of necessity must be applied in reaching a correct verdict on the issue. *Tift v. State,* 133 Ga. App. 455, 457 (211 SE2d 409); *Foskey v. State,* 126 Ga. App. 268 (190 SE2d 556). Nevertheless, it was not necessary in this instance to charge that the jury should determine whether or not less than one ounce of marijuana was present.

6. The defendant was seen hiding a plastic container in a woodpile. Upon investigation, the police officers found the suspected marijuana. This was sufficient proof that the defendant had possession of the marijuana. *Taylor v. State,* 138 Ga. App. 95.

7. The jury returned a verdict of guilty. Before it was released the foreman requested that he be allowed to ask a question. The court then discharged the jury and allowed this juror to ask his question which was one of curiosity as to whether or not the defendant had a history of prior conviction. Whereupon the court instructed him "that is not involved in your determination." Whereupon the foreman answered "no, it had nothing to do with that because we knew that." The answer here is vague and might be interpreted to mean that the jury knew that had nothing to do with their determination of guilt or innocence; or he might have meant that they knew of some prior criminal record of the defendant. But defense counsel made no motion with respect to not allowing the verdict to be received and entered, and a jury can not impeach its own verdict. See Code § 110-109; *Bowden v. State,* 126 Ga. 578 (1) (55 SE 499); *Fields v. Balkcom,* 211 Ga. 797, 798 (89 SE2d 189). The record itself does not show any error, hence, we cannot state that the jury improperly considered the past record of the defendant.

8. The court did not err in refusing to charge that possession had to be within the knowledge of the defendant. Such charge was not requested by defendant. Further, in this instance the sole basis for the possession was the actual knowledge as shown by the officers' testimony that the defendant was seen putting a plastic bag in a woodpile, and subsequent investigation showed suspected marijuana in the plastic bag. There is no merit

in this complaint. *Tift v. State,* 133 Ga. App. 455, 456, supra, relied upon by the defendant is that there was no mens rea (guilty intent). See *Haire v. State,* 133 Ga. App. 12 (209 SE2d 681). But knowledge may be inferred from circumstances. See *Cobb v. State,* 125 Ga. App. 556 (188 SE2d 260). The intent with which an act is done is purely for the jury. See *Cole v. State,* 118 Ga. App. 228 (163 SE2d 250). There is no merit in this complaint.

9. The last enumeration of error argued by the defendant is that the trial court was repetitious in charging the form of the guilty verdict but not as to the not-guilty verdict. We do not think so. In fact, on one page of the charge the court stated that if you convict the defendant, the form of the verdict would be "we the jury find the defendant guilty," and then two pages later the trial judge instructed them they will have to enter one of two verdicts, either "We the jury find the defendant not guilty," or "We the jury find the defendant guilty." We find no harmful repetition here.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Argued April 8, 1976 — Decided April 21, 1976.

*Robert L. Ridley,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald G. Frost, Donald J. Stein, Assistant District Attorneys,* for appellee.