## 54954. PHILLIPS v. THE STATE.

BIRDSONG, Judge.

Appellant brings this appeal from a conviction by a jury, of a violation of the Georgia Controlled Substances Act. *Held:*

1. Appellant enumerates as error the admission into evidence of state's Exhibit 1, an envelope containing pills and powder. The transcript shows that testimony was admitted, without objection, describing both the pills and the powder. The state then tendered the envelope into evidence, the court inquired: "Any objections?", and appellant responded, "No objection." Immediately thereafter, appellant complained of the irrelevancy of the white powder; however, no formal objection appears in the transcript.

Initially, it appears from the record that appellant failed to raise a proper objection at trial, which would preclude us from considering this enumeration. *Cauley v. State,* 137 Ga. App. 814 (224 SE2d 794). However, even assuming that appellant properly objected to the admission of this evidence, the trial court did not err in admitting it for the reason that "[n]othing was shown or given to the jury that had not been previously heard or

seen by them. [Cit.]" Id., p. 815. Accordingly, admission of the white powder was not harmful or prejudicial. This enumeration is without merit.

2. Appellant argues that the trial court erred in overruling his motion for directed verdict of acquittal, made at the close of the state's evidence. Some of the circumstances surrounding appellant's conviction included the following: appellant was observed by law enforcement officials drinking beer in his automobile by the roadside, and, when approached, he fled, ultimately abandoning his vehicle and fleeing on foot, all the while carrying a brown paper sack. After eluding the officers momentarily behind a relative's house trailer, appellant was apprehended; the brown paper bag had disappeared. A search conducted several hours later revealed the bag under the stairs leading to the house trailer belonging to appellant's relatives. At trial, the investigating officer testified that he had ". . . seen appellant with the brown paper bag" and, further, that appellant, after his arrest, "said that he paid a dollar and a half for [the pills found in the brown paper bag] and sold them for three and a half."

Even assuming, without deciding, the foregoing evidence to be entirely circumstantial, it is sufficient to withstand the onslaught of a motion for directed verdict. *Willingham v. State,* 131 Ga. App. 851 (207 SE2d 249). There was no error in overruling appellant's motion for directed verdict.

3. Appellant enumerates as error the trial court's refusal to charge, upon request, the "equal access" rule, as enunciated in *Ivey v. State,* 226 Ga. 821 (177 SE2d 702). "However, the 'equal access' rule is inapplicable here, where the state's evidence is not that appellant constructively possessed contraband, but that he actually and physically possessed it. . ." *Taylor v. State,* 138 Ga. App. 95, 97 (225 SE2d 508). See *Walker v. State,* 138 Ga. App. 422 (226 SE2d 274).

4. Enumerated error number four complains of the charge of the trial court on circumstantial evidence. The charge given embodied verbatim the language of Code Ann. § 38-109, followed by language contained in Code Ann. § 38-110. "When reviewed in the context of the entire charge, the verbiage objected to does not constitute

error." *Murray v. State,* 135 Ga. App. 264, 266 (217 SE2d 293).

5. Appellant's contention that the re-charge given by the court, upon request by the jury, was insufficient, is without merit.

6. For the reasons stated above, the trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 3, 1978.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*J. Cleve Miller, District Attorney,* for appellee.

