## 56755. CRAWFORD v. THE STATE.

BIRDSONG, Judge.

Crawford appeals his conviction, by a jury, of burglary. The evidence, viewed most favorably toward upholding the jury's verdict, shows that the appellant was apprehended in a vacant house adjacent to a recently burglarized liquor store. Access to the store had apparently been gained via a hole in its exterior wall which had resulted from the forcible removal of several concrete blocks. A crowbar was found approximately eight feet from the damaged wall. The appellant, at the time he was apprehended, was "perspiring real heavy" and had "a large quantity of white dust on his pants and shirt." A search of the appellant's clothing revealed a

crisp one dollar bill and a bus ticket.

At trial, a police officer testified that the white dust observed on the appellant was similar to the concrete dust present on the damaged wall. The owner of the burglarized store testified that a crisp one dollar bill had been stolen from the store. *Held:*

1. The admission into evidence of the crowbar, together with testimony concerning a hat found in the burgled store, was not objected to by the appellant in the trial court and therefore presents nothing to this court for decision. *Cauley v. State,* 137 Ga. App. 814 (224 SE2d 794)

2. The crisp dollar bill found on the appellant's person at the time of his arrest was properly admitted as a circumstance of the arrest, to be given appropriate evidentiary value by the jury. *Kincaid v. State,* 137 Ga. App. 138 (1) (223 SE2d 152). See *Reid v. State,* 129 Ga. App. 41 (4) (198 SE2d 358). The dollar bill was sufficiently identified by the owner of the burgled premises to authorize its admission into evidence. *Jackson v. State,* 111 Ga. App. 192 (3) (141 SE2d 177); *Richardson v. State,* 113 Ga. App. 163 (4) (147 SE2d 653). The trial court did not err in admitting into evidence the one dollar bill found on the appellant's person at the time of his arrest.

3. "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of . . . upright and intelligent jurors." *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647). See *Harris v. State,* 236 Ga. 242 (223 SE2d 643); *Neal v. State,* 130 Ga. App. 708 (3) (204 SE2d 451); *Townsend v. State,* 115 Ga. App. 529 (154 SE2d 788). Furthermore," '. . . to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt'." *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). The evidence was sufficient to support the verdict. See *Terry v. State,* 130 Ga. App. 655 (204 SE2d 372).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 12, 1978 — DECIDED NOVEMBER 14, 1978.

*Harris & Smith, Stephen H. Harris,* for appellant.
*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney,* for appellee.