## 58926. MARSHALL v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for violation of the Georgia Controlled Substances Act. *Held:*

1. Denial of defendant's motion to suppress the controlled substances was not error. The evidence showed that two police officers were directed to an informant not previously known to them. The informant told them she was to contact a black male in a park who was supposed to sell her some amphetamines. If the person had drugs she was to give the police officers a prearranged signal. The informant then drove to the park. With the police officers observing she walked around in the park and talked to several persons, eventually returning to her automobile with the defendant. As they were getting into her car, she gave the prearranged signal. Defendant sat in the right front seat. As one officer approached the driver's side of the car, another came up from the rear along the right side without being seen and observed a brown paper bag in defendant's right hand. When the officer on the left side identified himself, defendant put the bag on the floor of the car in front of the seat he was sitting on. After getting defendant out of the car, the officer who had seen the bag picked it up and found in it the suspected contraband upon which the prosecution was based. Defendant claims the seizure was unlawful because there was no showing that the informant was reliable.

Defendant was a mere temporary occupant of the automobile who asserted no property or possessory interest in the automobile nor an interest in the property seized, and failed to show that he had any legitimate expectation of privacy in the paper bag or the area of the automobile from which it was taken. Accordingly, he had no standing to challenge the seizure of the bag. Rakas v.

Illinois, 439 U. S. 128, 148 (99 SC 421, 58 LE2d 387). Even assuming he had such right by claiming, for example, that the bag was his, the seizure still would have been lawful as defendant abandoned the bag by dropping it on the floor when he became aware of the police presence. "There is nothing unlawful in the government's appropriation of abandoned property, which does not constitute a search or seizure in the legal sense. [Cits.]" *Green v. State,* 127 Ga. App. 713, 714 (194 SE2d 678).

2. A state motion to enter a nolle prosequi to Count 2 of the indictment was granted in a pretrial hearing and no evidence pertaining to that count was received. Over defense objection, the three-count indictment which included Count 2 was given to the jury for consideration during their deliberations. Defendant claims that Count 2 constituted evidence of an independent crime which improperly put his character in issue and tended to prejudice the jurors against him. The trial court instructed the jury that the indictment was not evidence, that Count 2 was not being prosecuted, and that they were to concern themselves only with the remaining Counts 1 and 3. Although it is better practice not to send irrelevant matters to the jury to avoid confusing and possibly prejudicing them, in view of the trial court's instructions to the jury, we find no error here.

3. Defendant contends that the contents of the paper bag seized in the park were erroneously received in evidence because the chain of custody thereof at the crime laboratory was not complete. The evidence showed that when the bag and its contents were delivered to the State Crime Laboratory, Mills, the supervisor of the drug identification section, assigned them to Moseley for custody and analysis. Moseley received the evidence in Mills presence, kept it in his custody, and analyzed it. Before the case came to trial Moseley left the employ of the laboratory, turned the evidence and his records thereon over to Mills, and did not appear as a witness at the trial. Admitting that he did not know the contents of the bag when it was received by Moseley, Mills testified that in accordance with laboratory procedures Moseley had prepared an entering sheet listing the contents, and maintained custody of the evidence until he turned it over

to Mills when he left. When he conducted his own analysis, Mills found that all of the contents were the same as listed by Moseley on the entering sheet. We find that there was a reasonable certainty that the evidence Mills examined and testified about was the same as that delivered to Moseley. There was no error in admitting it into evidence. "[I]t is not necessary that the state negative all possibility of tampering but only that it show that it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]"*Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174).

4. Mixed in with the admitted exhibit containing the drugs pertaining to Counts 1 and 3 of the indictment were some pink pills relating to the not prosecuted Count 2. No evidence was received concerning these pills, which were given to the jury along with the other drugs over objection of the defense and without instruction by the court. We find no error as "[A]ll the circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury for what they are worth. [Cits.]" *Williams v. State,* 149 Ga. App. 34 (253 SE2d 432).

5. Failure to give a requested charge concerning equal access to the drugs was not error. A police officer testified that he saw the bag containing the drugs in defendant's hand, and defendant denied this in his testimony. "[T]he 'equal access' rule is inapplicable here, where the state's evidence is not that appellant constructively possessed contraband, but that he actually and physically possessed it . . . [Cits.]"*Phillips v. State,* 144 Ga. App. 690, 691 (242 SE2d 343).

6. The trial court did not err in denying defendant's motion for a new trial on general grounds. Where the evidence is in conflict, the jury's verdict will be upheld if properly supported by the evidence. *Lawson v. State,* 234 Ga. 136, 138 (214 SE2d 559). We find there is sufficient evidence in the record that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Argued November 20, 1979 — Decided January 29, 1980.

*Vernon S. Pitts, Jr., Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Savannah L. Potter, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.