63562. MONTEFORD v. THE STATE.

SOGNIER, Judge.

Furnishing liquor to minors. Monteford contends on appeal that it was error for the solicitor to administer the oath to the jurors, and that the trial court erroneously charged the jury in its instruction on the duty to check identification of persons purchasing an alcoholic beverage.

1. It is undisputed that the solicitor administered the oath to the jury required by Code § 59-709, which also requires that the oath be administered by the judge or the clerk of the court. However, appellant made no objection when the solicitor administered the oath, and our Supreme Court has held that where no objection is made to such a procedure, no reversible error has occurred. *Gilreath v. State,* 247 Ga. 814, 824 (4) (279 SE2d 650) (1981). Thus, this

enumeration is without merit.

2. Appellant sold a glass of beer to an undercover police cadet who was 18-1/2 years of age. Her sole defense was that she had no criminal intention, and no knowledge that the police cadet was a minor. Appellant was a bartender and had been instructed by the owners of the night club not to check I. D.s, as they had hired a doorman for that specific purpose and anyone in the club had been checked. This was corroborated by the testimony of the two owners and the doorman. In its instructions to the jury the trial court stated: "I charge you further that as this — this law states that is the duty of the person who is doing the furnishing or the selling to make a determination as to whether or not the person to whom the alcoholic beverage is being furnished or being sold or delivered, was in fact, a minor and that is not cured by someone else also having the duty, if they did have such duty, to make determination as to who came in and went out of the place as a doorkeeper."

Appellant contends the above charge was erroneous for three reasons: first, because it was an incorrect statement of the law; secondly, because it bolstered the state's argument that appellant's defense was without merit and was merely an attempt to "pass the buck"; and third, that by omitting any reference to appellant's defense (lack of knowledge and criminal intention) the charge left the jury with the clear impression that it was their duty to convict appellant. We agree with appellant and reverse.

Former Code § 58-612, which was in effect at the time of this incident, does not state that it is the duty of the person furnishing or selling liquor to make a determination as to whether or not the person to whom an alcoholic beverage is sold is a minor. Nor does the current statute, Code § 5A-510, so state. Looking at the charge as a whole to determine if this erroneous statement was harmless when not taken out of context, we find that it was not. Both the former statute and the current statute provide that an offense is committed when a person *knowingly* furnishes or sells an alcoholic beverage to a minor. Further, the indictment alleges that appellant *knowingly* sold liquor to a minor. Yet no instruction was given on knowledge, or that knowledge may be inferred from the circumstances, *Haire v. State,* 133 Ga. App. 12 (209 SE2d 681) (1974), even though appellant's defense was based in part on a lack of knowledge that the police cadet was a minor.

Additionally, in regard to intent, the trial court charged the jury that "[i]t is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts which that person knowingly does or knowingly omits to do." The court did not advise the jury that this was a rebuttable presumption, nor did it advise the

jury that a person will not be presumed to act with criminal intention. See Code § 26-605. Under such circumstances the jury may have interpreted the presumption as to appellant's intention as conclusive which would violate the 14th Amendment's requirement that the state prove every element of a criminal offense beyond a reasonable doubt. Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). Looking at the charge as a whole, the jury could have interpreted the charge to mean that all the state had to prove was that appellant sold liquor to a minor, and that lack of criminal intent and lack of knowledge were no defense. Under such circumstances we cannot say that the error was harmless.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 2, 1982.

*William C. Head,* for appellant.
*Ken Stula, Solicitor,* for appellee.