## 64315. COKER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of aggravated assault. His motion for new trial was denied, and he appeals. *Held:*

1. The state's evidence discloses that store personnel observed the defendant shoplifting and they proceeded to pursue him as he was departing the store. He was brandishing a knife and using threatening words most effective in accomplishing his purpose, that is, halting their pursuit which was an attempt to make a lawful arrest upon him. These persons ceased their efforts for fear of immediate injury. Defendant testified that he was pursued by some people at the store and he thought the pursuers were trying to rob him, so he ran, having no knife or weapon at that time, to escape them. He contended

he was making efforts at all times to put as much distance as possible between himself and the alleged victims (the two store personnel). Nevertheless, under the totality of the evidence it was for jury determination as to whether the victims were apprehensive of bodily harm and that the weapon was a deadly one. See *Watts v. State,* 142 Ga. App. 857, 858-859 (4) (237 SE2d 231); *Hise v. State,* 127 Ga. App. 511 (194 SE2d 274); *Robinson v. State,* 118 Ga. 750 (45 SE 620). After careful review of the entire record and transcript we hold that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. See *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528); *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). There is no merit in the defendant's enumeration of error that the evidence was insufficient to convict.

2. The trial court did not err in charging the jury on the law of shoplifting, said charge being adjusted to the facts here in which the defendant was observed shoplifting by the victims who pursued him after he left the store. In addition, the defendant asked for a clarification of the shoplifting evidence in the case and requested the jury be charged that the defendant was not on trial for shoplifting. The court then made every effort to clarify for the jury that the only charges against the defendant were those contained in the indictment. As the trial court had a duty to charge on every material issue of fact in the case we find no merit in this complaint. See *Franklin v. State,* 136 Ga. App. 47, 48 (2) (220 SE2d 60), and cases cited.

3. Defendant next contends that the trial court erred in failing to give a charge as requested that a person will not be presumed to act with criminal intention but that the jury may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is being tried. See Code Ann. § 26-605 (Ga. L. 1968, pp. 1249, 1269). We find no merit in this complaint for in examination of the charge as given we find the court gave the substance of this Code section almost verbatim.

4. Defendant next contends that the trial court erred in failing to charge with reference to criminal conduct as including a mens rea, that is, a guilty mind, a guilty or wrongful purpose and a criminal intent, contending that said written request to charge is lifted verbatim from Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269), with reference to a definition of crime that it is a union of joint operation of act, or omission to act, and intention, or criminal negligence. See also *Tift v. State,* 133 Ga. App. 455, 456 (2) (211 SE2d 409). Again

examination of the charge by the court shows clearly that while not charging in the exact language of the written request, nevertheless, there was a charge on criminal intent, the definition of a crime and other general charges, as well as the presumption of innocence and reasonable doubt as applied to all elements of the crime. We find no merit in this complaint even though the trial court failed to use the Latin term "mens rea" having stated to counsel, as to the jury, "there wouldn't be one of them [jurors] that would know what I was talking about."

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 17, 1982 —
REHEARING DENIED OCTOBER 8, 1982.

*Walter M. Henritze, Jr.,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.