## 67818. McGLOCTON v. THE STATE.

BIRDSONG, Judge.

Larry McGlocton was convicted of burglary and sentenced to serve eight years. He brings this appeal enumerating two errors. *Held:*

1. McGlocton urges in one enumeration that the evidence is not sufficient to support the conviction of burglary. In passing upon the sufficiency of the evidence to support the verdict, appellate courts are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. *Taylor v. State,* 138 Ga. App. 95, 96 (225 SE2d 508). Viewing the evidence in that light, we conclude the jury was warranted in believing that either appellant or someone "exactly" like him had been in the burglarized premises within the past two weeks looking at auto parts and merchandise. A neighbor of the burglary victim observed two men on the highway in front of the victim's home and shop at about the time of the burglary and called the police. Shortly thereafter, McGlocton and a companion were found by the police at that spot on the highway and quite close to the burglarized shop. In the back of the pick-up truck where McGlocton was arrested were found eight car-truck batteries which were unequivocally identified as having come from the burgled premises. On the ground immediately outside a window through which access to the burgled premises had been gained was found a hat which initially McGlocton acknowledged to be his, until he learned the hat had been found at the scene of the burglary. An accomplice testified that McGlocton had offered the accomplice $5 to drive McGlocton and a companion to the home and workshop of the victim where McGlocton was to get some batteries. McGlocton requested the driver (accomplice) to wait until the batteries were brought to the car but the driver left as soon as he delivered McGlocton and the other participant to the scene of the burglary. An innocent friend of one of the burglars saw the two men standing on the road and offered a ride to the two men, both of whom lived near the driver of the pick-up truck. The police found the two burglars and the batteries in that truck a few moments after the friend had offered them a ride.

Under such circumstances, we experience no difficulty in concluding that any rational fact finder would have believed McGlocton was involved in the burglary and could find beyond reasonable doubt that McGlocton was guilty of burglarizing the victim's work shop. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration, McGlocton argues that the trial

court erred in admitting McGlocton's admission that the hat under the window was his. The basis for this argument is that McGlocton did not understand his Miranda rights at the time the admission was made. There was evidence offered by the state that authorized a conclusion that McGlocton fully was advised of his Miranda rights prior to any statement being taken from him and that McGlocton personally acknowledged his full understanding of those rights, even to the extent of extolling his understanding repeatedly.

The trial judge's determination of voluntariness and admissibility although based upon conflicting evidence, was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673) and thus was not error. See *Thomas v. State,* 233 Ga. 237, 240 (2) (210 SE2d 675); *Rush v. State,* 137 Ga. App. 387, 389 (224 SE2d 39). The finding of the trial court is not clearly erroneous and thus will not be disturbed. *Phillips v. State,* 238 Ga. 497, 498 (233 SE2d 758).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1984.

*E. Gordon Staples, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert Sullivan, Assistant District Attorney,* for appellee.