## 69873. GRAHAM v. THE STATE.
### (333 SE2d 654)

BEASLEY, Judge.

Police officers saw appellant Graham make a U-turn and run her automobile off the roadway and on to the shoulder. They followed her for a short distance and observed her leave the road several times. The officers pulled her over and she stopped on the median. To avoid a safety hazard, the officers asked her to pull into a parking lot, which she did.

As Graham exited the vehicle, the officers noticed that she was unsteady on her feet and that the smell of alcohol was on her breath. One of the officers administered a field screening test, placed her under arrest and, while still at the scene, read the Georgia implied consent warning to her.

Graham was then transported to the Richmond County jail where she agreed to take a breath test which was administered by a certified operator of auto-intoximeter machines. The final result of the breath test was a blood alcohol level of .15 grams percent.

At trial, appellant testified that she had driven after having consumed approximately six drinks of vodka and orange juice. A state court jury returned a verdict of guilty for the offense of driving under

the influence. Graham appeals. *Held:*

1. Appellant's first enumeration of error contends that the trial court erred in admitting the results of "search and seizure" of her breath because "seizure" was not done pursuant to rules and regulations approved by the Georgia Bureau of Investigation, Division of Forensic Sciences, but rather by the Georgia Department of Public Safety, which is without authority to promulgate such regulations.

The issue has already been considered by this court and decided adversely to appellant. *State v. Holton,* 173 Ga. App. 241 (326 SE2d 235) (1984).

2. Graham's second enumeration alleges that the trial court erred in charging the jury the "less safe test," whereas she maintains the law requires there be a finding that her intoxication caused her to be incapable of safely driving.

The court instructed the jury: "I charge you, ladies and gentlemen of the jury, that in contemplation of the law an operator of a motor vehicle on a public highway is under the influence of intoxicating liquor when he or she is so affected by intoxicating liquor as to make it less safe for him or her to operate said vehicle than it would be if she or him were not affected by such intoxicating liquor."

Defendant stated upon the court's inquiry that there was only one objection to the charge as given and that involved a different point entirely. Defendant did not reserve the right to further except to the trial court's charge at a later time. Thus she waived the right. *Bivins v. State,* 166 Ga. App. 580 (1) (305 SE2d 29) (1983). In addition, the record, which contains the written requests and the charge conference, shows that appellant submitted no request to charge as to the proper standard.

Of course, " '[u]pon the trial of a criminal case the trial judge with or without request should instruct (the jury) as to the general principles of the law which of necessity must be applied in reaching a correct verdict on the issues.' [Cits.]" *Tift v. State,* 133 Ga. App. 455, 457 (211 SE2d 409) (1974). "It is not only proper for the trial judge to define the offense for which the defendant is on trial, but it is his duty to do so." *Tyler v. State,* 89 Ga. App. 535 (2) (80 SE2d 78) (1954). An erroneous instruction as to the definition of the crime would require reversal. *Grizzle v. State,* 155 Ga. App. 91, 93 (4) (270 SE2d 311) (1980). Here the court's charge set forth a proper standard for the jury to measure whether defendant's condition, in the context of the act, constituted guilt of a crime. *Cargile v. State,* 244 Ga. 871 (1) (262 SE2d 87) (1979); *Jones v. State,* 168 Ga. App. 106 (308 SE2d 209) (1983).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 5, 1985 —
REHEARING DENIED JULY 31, 1985 — 

*Victor C. Hawk*, for appellant.
*Gayle B. Hamrick, Solicitor*, for appellee.