71402. PAUL v. THE STATE.
(336 SE2d 379)

BANKE, Chief Judge.

The defendant was found guilty on both counts of an accusation charging him with driving while under the influence of alcohol and being "in actual physical control of a moving vehicle . . . while there was in his blood 0.12 percent or more by weight of alcohol." See

OCGA § 40-6-391 (a) (1) (4). On appeal, he contends that the two convictions cannot stand together in that they were based on the same conduct. He further contends that, with respect to the driving under the influence conviction, the court erred in its charge to the jury on the statutory presumptions arising from blood-alcohol test results, as set forth in § 40-6-392 (b).

The state presented evidence that an intoximeter test administered to the defendant after his arrest had shown his blood-alcohol content to be 0.15 percent. The defendant testified that he was not drunk and that he had not been drinking on the occasion in question. *Held:*

1. As was noted in *Peters v. State,* 175 Ga. App. 463 (1) (333 SE2d 436) (1985), the two offenses with which the defendant was charged have separate and distinct elements, albeit both are "targeted at a person's condition while driving." Id. at 464. However, OCGA § 16-1-7 proscribes multiple convictions for the same conduct (see *Brock v. State,* 146 Ga. App. 78 (245 SE2d 442) (1978)); and in this case, both charges were clearly based on the same conduct. Consequently, only one conviction should have been entered. See generally OCGA § 16-1-7 (a) (1). The judgment of the trial court is consequently vacated, with direction that a conviction and sentence be entered on only one of the two offenses alleged in the accusation.

2. The trial court's initial charge to the jury on the statutory presumptions arising from the results of blood-alcohol tests, as set forth in OCGA § 40-6-392, was clearly subject to objection that it was burden-shifting in that it failed to inform the jury that the presumptions were rebuttable. See generally *Sandstrom v. Montana,* 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). However, in response to the defendant's objection, the trial court re-charged the jury as follows: "Ladies and gentlemen, the court gave you certain instructions and read you certain law as to presumptions. The court wishes to further charge you that these presumptions are not concluded (sic) but are rebuttable presumptions as such are rebuttal. (Sic) You may retire." Immediately following the recharge, defendant's counsel responded in the negative when asked by the trial court if there was anything further. "Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal." *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980). Moreover, we note that the alleged error could not have been harmful with respect to the charge of "point-twelve driving" as set forth in OCGA § 40-6-391 (a) (4), in that proof of impairment of driving ability is not required to establish that offense. See *Peters v. State,* supra, 175 Ga. App. at 465.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 22, 1985.

*Jerry M. Daniel,* for appellant.
*James C. Abbot, Solicitor,* for appellee.