### 73515. PAUL v. THE STATE.
(353 SE2d 10)

McMurray, Presiding Judge.

"The defendant was found guilty on both counts of an accusation charging him with driving while under the influence of alcohol and being 'in actual physical control of a moving vehicle . . . while there was in his blood 0.12 percent or more by weight of alcohol.'" *Paul v.*

*State*, 176 Ga. App. 524 (336 SE2d 379). The defendant appealed his conviction and on October 22, 1985, this court vacated the judgment and remanded the case with direction that a conviction and sentence be entered on only one of the two offenses alleged in the accusation since both charges were clearly based on the same conduct. See *Paul v. State*, 176 Ga. App. 524, 525 (1), supra.

On March 13, 1986, defendant filed an extraordinary motion for new trial arguing that one of the jurors who decided his case knew him and had malice toward him, contrary to the juror's response on voir dire. After a hearing, the trial court denied defendant's motion and this appeal followed. *Held*:

1. Bias or prejudice of a juror discovered after the verdict is a proper ground for a new trial as newly discovered evidence. *Fields v. Balkcom*, 211 Ga. 797, 798 (89 SE2d 189). In the case sub judice, evidence presented at the hearing on the defendant's extraordinary motion for new trial showed that the former juror was acquainted with the defendant prior to trial and had reason to bear animosity toward the defendant because of their prior acquaintance. However, other evidence of record shows that the defendant was aware of the juror's potential bias no more than "a couple of days after [trial]" and failed to raise the issue in a timely motion for new trial. There being no reason why this issue was not raised earlier, any error alleged is deemed waived. See *Fields v. Balkcom*, 211 Ga. 797, supra, and *Walker v. State*, 138 Ga. App. 422, 424 (7) (226 SE2d 274).

2. Other evidence sustaining the trial court's denial of defendant's extraordinary motion for new trial showed that the juror's prior acquaintance with the defendant did not affect her ability to render an unbiased decision at defendant's trial. *Jones v. State*, 247 Ga. 268, 269 (2) (b) (275 SE2d 67). See *McLamb v. State*, 176 Ga. App. 727, 728 (3) (337 SE2d 360).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 9, 1987.

*Jerry M. Daniel*, for appellant.
*James C. Abbot, Solicitor*, for appellee.