A89A0368. HILLIARD v. THE STATE.
(381 SE2d 320)

SOGNIER, Judge.

William F. Hilliard was convicted of the offense of possession of cocaine in violation of the Georgia Controlled Substances Act, and he appeals.

Construing it to support the verdict, the evidence adduced at trial showed that on July 8, 1988, DeKalb County police obtained and executed a no-knock warrant to search apartment 204 at the Terrace Club Apartments in Doraville. The entrance door was forced open, and officers entered the premises and found two women and an infant in the apartment. When they then attempted to close and secure the front door, they discovered appellant behind the open front door. After securing the apartment, a search was conducted which yielded items seized from various locations throughout the apartment, including scales of a type commonly used for weighing narcotics, two loaded pistols, a ceramic or glass plate on which were two razor blades and a residue later identified as cocaine, a glass pipe commonly used for "freebasing" cocaine, and a small butane torch. Also found was a Georgia Power bill dated May 1987 and addressed to appellant at the

apartment address. In addition, Detective Bryan Stancil of the DeKalb Police Department testified that when he discovered appellant behind the front door, appellant was holding a plastic bag containing powder, which appellant then dropped to the floor. The powder in the bag was later tested and found to be 10.9 grams of cocaine.

Appellant admitted that he had lived at the apartment at one time, but denied living there at the time of the search, saying he had sublet the apartment and had not lived there for 6 months.

1. Appellant contends the evidence is insufficient to support his conviction because he did not live at the apartment and at least three other people had equal access to the apartment where the drugs were found. However, appellant admitted on cross-examination that he had given the address of the apartment as his home address both when he was booked into jail and when he made bond. Further, two separate quantities of cocaine were found in the search, and although the defense of equal access would apply to the cocaine residue on the plate, which was found on the floor of the bedroom, and the trial court properly charged the jury as to equal access, it would not apply to the bag containing cocaine that appellant dropped when discovered. "A police officer testified that he saw the bag containing the drugs in [appellant's] hand, and [appellant] denied this in his testimony. '(T)he "equal access" rule is inapplicable here, where the state's evidence is not that appellant constructively possessed contraband, but that he actually and physically possessed it . . . [.] (Cits.)' [Cit.]" *Marshall v. State*, 153 Ga. App. 198, 200 (5) (264 SE2d 718) (1980). Thus, there was ample evidence to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also enumerates as error the trial judge's admission into evidence over objection certain State exhibits which contained contraband seized in the search and which the police officers had marked with appellant's name. Appellant argues that marking the evidence with appellant's name implied that appellant owned the contraband, a mere conclusion on the part of the police to which they could not have testified under *Anderson v. State*, 233 Ga. 433-434 (3) (211 SE2d 728) (1975), and which left an improper impression in the jurors' minds. However, the record indicates that prior to the court's charge appellant's counsel informed the court that the State had agreed to remove appellant's name from the evidence, that he had inspected the evidence, and the State had in fact done so, which took care of his objection. Accordingly, as the markings on the evidence were never seen by the jury, this enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

Decided April 4, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert M. Coker, Patricia G. Higginbotham, Assistant District Attorneys*, for appellee.